[No. 12779.    In Bank. — December 12, 1890.]

# MOSES MITCHELL, RESPONDENT, *v.* SOUTHERN PACIFIC RAILROAD COMPANY, APPELLANT.

NEGLIGENCE — RAILWAY ACCIDENT — BURDEN OF PROOF. — In an action against a railroad company to recover damages for injuries sustained by a passenger, caused by a train running off the track owing to the negligence of the railroad company, although the burden of proof is upon the plaintiff to establish negligence, yet where the injury is admitted, and the derailment and overturning of the car are undisputed facts, and there is evidence tending to show that at the time of the accident the train was running down a steep incline leading to the bed of a river, on a new and curved track, at an unusual and dangerous speed, the burden of proving that the injury was not caused by its want of care is on the railroad company.

ID. — CONTRIBUTORY NEGLIGENCE — PASSENGER INJURED FROM PLATFORM — VIOLATION OF RULES — CONSTRUCTION OF CODE. — Section 484 of the Civil Code, protecting a railroad company from damages for an injury to a passenger received on or from the platform of a car, in violation of printed regulations posted in the car, or of verbal instructions to the passenger, is intended to prevent the imprudent act of standing or riding on the platform, and neither the statute nor the regulation has any application where a passenger is justifiably entering or leaving the cars when injured.

ID. — ATTEMPT TO ESCAPE FROM PLATFORM — QUESTION OF FACT. — Where, at the time the accident occurred, the plaintiff was standing on the platform of the car, and his testimony showed that he had gone there immediately before the accident, in fear that some disaster would occur because of the speed of the train, and that he intended to jump therefrom to the sand, but that the car was overturned as soon as he reached the platform, it is a question for the jury whether the attempt thus made was an unreasonable or rash act, or was one which a person of ordinary care and prudence might do under the circumstances.

ID. — PRUDENCE OF PLAINTIFF — SAFETY OF PASSENGERS — RESULT OF ATTEMPT TO ESCAPE. — The facts, that a passenger on a railroad train was injured in an attempt to escape from an expected accident, and that those who remained in the car escaped without injury, are circumstances to be considered by the jury in determining whether the injured party acted as a man of ordinary prudence; but where he has acted with reasonable prudence, upon the probabilities of an effort to escape, it cannot be said that the attempt to escape constituted contributory negligence, nor does the inquiry depend upon the result of the attempt to escape.

ID. — EVIDENCE — ACTION OF OTHER PASSENGERS — ERROR WITHOUT PREJUDICE. — In such a case, it is error to exclude evidence of the actions of other passengers, who remained in the car, and as to whether or not any of them were injured. Such evidence is competent as a part of the *res gestæ*, to show what they deemed prudent conduct. But such error is

cured by the admission of undisputed evidence showing that there were only a few passengers in the car besides the plaintiff, and that they all remained in their seats until the car was overturned, and all escaped unhurt.

Id. — Error in Excluding Evidence — Violation of Rules by Plaintiff — Corroboration of Conductor — Conflicting Evidence. — In such an action, where the conductor testified that he left the car two or three minutes before the accident occurred, and that the plaintiff went out with him, and that after giving orders to let off the brakes, he went back into the car and sat down, while the plaintiff remained standing on the platform, in violation of the rules, and such evidence is in conflict with the testimony of the plaintiff, it is error to exclude a question asked one of the passengers, by the defendant's counsel, in corroboration of the conductor, as to whether the conductor returned into the car after he and the plaintiff left it, and before the accident occurred.

Appeal from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The following instructions were given by the superior court upon the subject of the burden of proof, and of the right of plaintiff to be upon the platform of the railroad car: "The court instructs you that the burden of proving negligence rests on the party alleging it; and where a person charges negligence on the part of another as a cause of action, he must prove the negligence by a preponderance of evidence. In this case, the plaintiff claims he was injured through the negligence of defendant's employees. So that if you find, from the evidence, that the weight of evidence is in favor of the defendant, or that it is equally balanced, the plaintiff cannot recover, and your verdict must be for the defendant. The plaintiff can recover in this action only upon proof of defendant's negligence; but in order to prove that negligence, it is not necessary for the plaintiff, if he was injured by the overturning of the car in which he was riding, to prove how or why that overturning occurred. It being admitted, as already stated, that the plaintiff was a passenger on the train of the defendant, and that he had paid, and the defendant had accepted, his fare,

all that the plaintiff need establish in the first instance, in order to enable him to recover in this action, is, that the car in which he was riding was overturned without his fault, and that by reason thereof he suffered the injuries complained of. When the plaintiff has done this he may rest, and is at that point entitled to your verdict; for the presumption is, that the overturning of the car occurred through the negligence of the defendant, and the burden of proving that there has been no negligence is cast upon the defendant. How or why the overturning occurred, it is no part of the plaintiff's case to show; the fact that the car did so overturn is all that he need establish, in order to recover for such injuries as he may have sustained, unless his want of ordinary care contributed to such overturning, or to his injury. In order to rebut this presumption of negligence, the defendant must show that the overturning was the result of inevitable casualty, or of some cause which human care and foresight could not prevent; for the law holds it responsible for the slightest negligence, and will not hold it blameless except upon the most satisfactory proofs. In doing this, the defendant must necessarily explain how the overturning occurred, and if it fails to do this, the presumption of negligence remains. The court further instructs you that if you find, from the evidence, that at the time plaintiff left his seat in the smoking-car there was no imminent peril of life or limb, and no apparent danger, but that such imminent peril of life or limb, or apparent danger, arose after plaintiff took his position on the platform of the smoking-car, then plaintiff cannot recover, and your verdict must be for the defendant. The court further instructs you that if you find, from the evidence, that the plaintiff left his seat in the smoking-car and went to the platform of said car, and stood there awhile, then jumped off, he, plaintiff, did so at his own risk, and the defendant cannot be held responsible for any injuries he, plaintiff, may have received, even if

the person in charge of the train saw him and did not tell him to go inside of the car. The failure of the person in charge of the train to direct or command him to go inside is not such negligence as will render the defendant liable. The person in charge of the train was under no legal obligation to notify him that such a place was not the proper place for him to be. If you believe that the plaintiff went upon the platform under a reasonable apprehension of a derailment of the train, and for the purpose of jumping off in case of an accident, and while there for that purpose was injured by the overturning of the car, I instruct you that his being on the platform under these circumstances was not riding or standing on the platform within the meaning of the rule which prohibits such riding or standing. Though you should believe, from the evidence, that had the plaintiff remained inside of the car he would not have been injured, this does not, in itself, bar a recovery by him in this action, though it turned out, in the end, that the platform was a more dangerous place than the inside of the car; yet if the danger of overturning was imminent, and the plaintiff, acting upon the instinct of self-preservation, placed himself in the position which appeared to him, as a reasonable man, to be most safe, and made such choice as a person of ordinary prudence and care placed in the same situation might have made, this does not constitute negligence on the part of the plaintiff. The peril of remaining in the car or going upon the platform is to be judged by the circumstances as they then appeared, and not by the result. The fact that passengers inside of the car were not injured does not prove that the plaintiff was imprudent or negligent in going upon the platform; he was compelled to choose the hazard which appeared to him to be the least; that is, to act upon the probabilities as they appeared at the time." The jury returned a verdict in favor of the

plaintiff for eleven thousand dollars damages.    Further
facts are stated in the opinion of the court.

*S. F. Geil,* and *H. V. Morehouse,* for Appellant.

The mere fact that an injury is suffered by a passenger
while on his journey is not sufficient to raise a presump-
tion of negligence on the part of the carrier.    (Shearman
and Redfield on Negligence, secs. 5, 80; McFarland, J., in
*Treadwell* v. *Whittier,* 80 Cal. 604; 13 Am. St. Rep. 175.)
A carrier only undertakes that he will carry a passenger
without negligence or fault, and he is not liable if injuries
happen from sheer accident or misfortune, where there is
no negligence or fault, or where no want of caution, fore-
thought, or judgment would prevent the injury.    (Cooley
on Torts, 2d ed., 768, 769.)    The burden of proof is upon
the plaintiff to establish negligence upon the part of the
defendant.    (Code Civ. Proc., sec. 1981; Shearman and
Redfield on Negligence, secs. 12, 280; *Illinois etc. R. R. Co.*
v. *Cragin,* 71 Ill. 177; *Heinemann* v. *Heard,* 62 N. Y. 448.)
And fault and negligence are not presumed.    (Deer-
ing on Negligence, sec. 405.)    The accident was an "in-
evitable casualty," or that "which human foresight or
care could not prevent," and for which defendant is not
liable in damages.    (Shearman and Redfield on Negli-
gence, sec. 5, and authorities cited; 2 Thompson on Neg-
ligence, sec. 1234; Deering on Negligence, sec. 4.)    The
speed with which a train is run is not negligence *per se.*
(Shearman and Redfield on Negligence, sec. 478; Deer-
ing on Negligence, sec. 241; *Indiana etc. R. R. Co.* v. *Hall,*
12 Am. & Eng. R. R. Cas. 146.)    The law does not allow
plaintiff the benefit of running out on the platform, unless
he acts upon a well-grounded fear, — a fear which would
excite a reasonable man.    (*South Covington etc. R. R. Co.*
v. *Ware,* 27 Am. & Eng. R. R. Cas. 206; *Reary* v. *Louisville
etc. R. R. Co.,* 34 Am. & Eng. R. R. Cas. 277; *Chicago etc.
R. R. Co.* v. *Felton,* 33 Am. & Eng. R. R. Cas. 533; *Gulf etc.
R. R. Co.* v. *Wallen,* 65 Tex. 568.)    And if plaintiff, without

reasonable cause, placed himself outside of the car, on the platform, he assumed the hazards of so doing. (*Coleman* v. *Second Avenue R. R. Co.*, 114 N. Y. 609; *Clark* v. *Eighth Avenue R. R. Co.*, 36 N. Y. 135; 93 Am. Dec. 495; *Dixon* v. *Brooklyn City etc. R. R. Co.*, 100 N. Y. 171.) A regulation forbidding passengers to stand on the platform of a car while the train is in motion being reasonable and proper, a passenger who is injured while standing on the platform, in violation of such regulation, is guilty of contributory negligence, and cannot maintain an action to recover damages for such injuries. (*Alabama etc. R. R. Co.* v. *Hawk,* 72 Ala. 112; 47 Am. Rep. 403; *Solomon* v. *Manhattan R. R. Co.*, 103 N. Y. 437; 57 Am. Rep. 760; *Graville* v. *Manhattan R. R. Co.*, 105 N. Y. 525; 59 Am. Rep. 516; *Rockford etc. R. R. Co.* v. *Coultas*, 67 Ill. 398; *Camden etc. R. R. Co.* v. *Hoosey*, 6 Am. & Eng. R. R. Cas. 454; *Fleck* v. *Union R. R. Co.*, 10 Am. & Eng. R. R. Cas. 172.) The question asked by defendant as to the conduct of the passengers who remained in the car, and whether any of them were injured, was competent as part of the *res gestæ*, and also as evidence of what was deemed prudent by those in the same situation, having an interest to take the least and avoid the greatest hazard. (*Twomley* v. *C. P. N. & E. R. R. Co.*, 69 N. Y. 158; 25 Am. Rep. 162.)

*D. M. Delmas,* for Respondent.

The proof by a passenger of the derailment or overturning of the vehicle in which he is being carried, and resulting injury, establishes a *prima facie* case of negligence. (*Breen* v. *N. Y. Cent. R. R. Co.*, 109 N. Y. 297; 4 Am. St. Rep. 450; *Holbrook* v. *Utica*, 12 N. Y. 236, 242, 243; 64 Am. Dec. 502; *Fairchild* v. *Cal. Stage Co.*, 13 Cal. 599, 605; *Boyce* v. *Cal. Stage Co.*, 25 Cal. 460, 468, 469; *Lawrence* v. *Green,* 70 Cal. 417, 419–421; 59 Am. Rep. 428; *Treadwell* v. *Whittier*, 80 Cal. 574, 582, 583, 587; 13 Am. St. Rep. 175; *Christie* v. *Griggs*, 2 Camp. 79; *Carpue* v.

*London etc. R'y Co.*, 5 Ad. & E., N. S., 747; *Dawson* v. *Manchester*, 5 L. T., N. S., 682; *Edgerton* v. *N. Y. etc. R. R. Co.*, 39 N. Y. 227, 229, 230; *Peoria etc. R. R. Co.* v. *Reynolds*, 88 Ill. 418–420; *Wilson* v. *Northern Pac. R. R. Co.*, 26 Minn. 278, 280; *Eureka* v. *Timmons*, 51 Ark. 460; *Pittsburg etc. R'y Co.* v. *Thompson*, 56 Ill. 138, 141; *Edgerton* v. *N. Y. etc. R. R. Co.*, 35 Barb. 389, 394, 395; *Pittsburg etc. R. R. Co.* v. *Williams*, 74 Ind. 462, 464–466; *George* v. *St. Louis etc. R'y Co.*, 34 Ark. 613, 624; *Sullivan* v. *Philadelphia R. R. Co.*, 30 Pa. St. 234, 239, 240; 72 Am. Dec. 698; *Yonge* v. *Kinney*, 28 Ga. 111, 113; *Brignoli* v. *Chicago etc. R'y Co.*, 4 Daly, 182–184; *Denver etc. R. R. Co.* v. *Woodward*, 4 Col. 1, 9, 10; *Louisville etc. R. R. Co.* v. *Ritter*, 85 Ky. 368; *Louisville etc. R. R. Co.* v. *Smith*, 2 Duvall, 556–558; *Seybolt* v. *N. Y. etc. R. R. Co.*, 95 N. Y. 562, 568, 569; 47 Am. Rep. 75; *Cleveland etc. R. R. Co.* v. *Newell*, 104 Ind. 264, and cases cited; 54 Am. Rep. 312; *Hipsley* v. *Kansas City R. R. Co.*, 88 Mo. 348; *Central R. R. Co.* v. *Sanders*, 73 Ga. 513; *Moore* v. *Parker*, 91 N. C. 275; *Murphy* v. *Coney Island etc. R. R. Co.*, 36 Hun, 199; *Texas R. R. Co.* v. *Suggs*, 62 Tex. 323; *Meier* v. *Pennsylvania R. R. Co.*, 64 Pa. St. 225, 230; 3 Am. Rep. 581; *Baltimore etc. R. R. Co.* v. *Worthington*, 21 Md. 275, 282, 283; 83 Am. Dec. 578; *Stokes* v. *Saltonstall*, 13 Pet. 181, 190, 191, 193; *Brehm* v. *Great Western R. R. Co.*, 34 Barb. 256, 266, 271; *Railroad Co.* v. *Pollard*, 22 Wall. 341; *Sanderson* v. *Frazier*, 8 Col. 79; 54 Am. Rep. 544; *Laing* v. *Colder*, 8 Pa. St. 479, 482, 483; 49 Am. Dec. 533; *Galena etc. R. R. Co.* v. *Yarwood*, 17 Ill. 509, 519; 65 Am. Dec. 682; *Toledo etc. R'y Co.* v. *Beggs*, 85 Ill. 80, 83; 28 Am. Rep. 613; *Jeffersonville R. R. Co.* v. *Hendricks*, 26 Ind. 228, 231, 232; Thompson on Carriers, 210, 211; Deering on Negligence, sec. 101; 2 Shearman and Redfield on Negligence, sec. 516, pp. 349, 350; 2 Thompson on Trials, secs. 1690, 1691.) A high rate of speed is not negligence *per se*, but it may become an element of negligence, and the jury may find it to be negligence, when taken in connection with the

surroundings. (*Salter* v. *Utica etc. R. R. Co.*, 88 N. Y. 42, 50, 51; *Artz* v. *Chicago etc. R. R. Co.*, 44 Iowa, 284, 285; *Peoria etc. R. R. Co.* v. *Reynolds*, 88 Ill. 418, 420–422; *Meloy* v. *Chicago etc. R'y Co.*, 42 N. W. Rep. 563–565; *Wallace* v. *St. Louis etc. R. R. Co.*, 74 Mo. 594, 597; 2 Shearman and Redfield on Negligence, sec. 460.) The question whether the rate of speed was excessive, when considered in the light of the circumstances, was a question for the jury. (*Frick* v. *St. Louis etc. R'y Co.*, 75 Mo. 595, 612; *Marcotte* v. *Marquette*, 47 Mich. 1, 8, 9; Deering on Negligence sec. 241, p. 392; see also authorities *supra.*) In order to rebut the presumption of negligence arising from the upsetting of a carrier's vehicle, it is indispensable that the carrier should show the cause of the overturn. (*Boyce* v. *Cal. Stage Co.*, 25 Cal. 460, 468, 469; *Lawrence* v. *Green*, 70 Cal. 417, 421; 59 Am. Rep. 428; *Baltimore etc. R. R. Co.* v. *Worthington*, 21 Md. 275, 283; 83 Am. Dec. 578; *Carpue* v. *London etc. R'y Co.*, 5 Ad. & E., N. S., 747, 751; *Seybolt* v. *N. Y. etc. R. R. Co.*, 95 N. Y. 562, 568, 569; 47 Am. Rep. 75; *Breen* v. *N. Y. Central R. R. Co.*, 109 N. Y. 297; 4 Am. St. Rep. 450; 2 Am. & Eng. Ency. of Law, 768, tit. Carriers of Passengers.) To rebut the presumption of negligence, the carrier must establish that the accident could not have been prevented by the exercise of the highest possible degree of care and diligence on its part, whether in the management of its train or track. (*Baltimore etc. R. R. Co.* v. *Worthington*, 21 Md. 275, 282, 283; 83 Am. Dec. 578; *Eureka etc. R. R. Co.* v. *Timmons*, 51 Ark. 460; *Stokes* v. *Saltonstall*, 13 Pet. 181, 193; *Peoria etc. R. R. Co.* v. *Reynolds*, 88 Ill. 418, 420.) Whether the presumption of negligence, arising from an overturn, has or has not been rebutted by the carrier, is a question for the jury. (*Sullivan* v. *Philadelphia*, 30 Pa. St. 234, 239, 240; 72 Am. Dec. 698; *Eureka etc. R. R. Co.* v. *Timmons*, 51 Ark. 460; *Seybolt* v. *N. Y. etc. R. R. Co.*, 95 N. Y. 562, 569; 47 Am. Rep. 75; *Brehm* v. *Great Western R. R. Co.*, 34 Barb. 256,

271; 2 Thompson on Trials, sec. 1692.) The platform is intended as a place of ingress and egress, and the passenger has the legal right to use it as an appropriate means of escape in case of danger. (*Buel* v. *N. Y. Cent. R. R. Co.*, 31 N. Y. 314, 317; 88 Am. Dec. 271; Thompson on Carriers of Passengers, 261; *Central R. R. Co.* v. *Miles*, 88 Ala. 256.) A passenger cannot in law be charged with contributory negligence if, in the face of impending danger, and acting on the instinct of self-preservation, he seeks the means of escape which are at hand, even if in so doing he makes a mistake of judgment and plunges into greater danger. (*Lawrence* v. *Green*, 70 Cal. 417, 421, 422; 59 Am. Rep. 428; *Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 409, 421; *Lewis* v. *Riverside*, 76 Cal. 249, 250, 251; *Buel* v. *N. Y. Cent. R. R. Co.*, 31 N. Y. 314, 317–319; 88 Am. Dec. 271; *Wilson* v. *Northern Pac. R. R. Co.*, 26 Minn. 278, 282–285; 37 Am. Rep. 410; *Cuyler* v. *Decker*, 20 Hun, 173–175; *Iron R. R. Co.* v. *Mowery*, 36 Ohio St. 418, 419, 422; 38 Am. Rep. 597; *Smith* v. *St. Paul*, 30 Minn. 169, 171; 50 Am. Rep. 550; *Nelson* v. *Atlantic etc. R. R. Co.*, 68 Miss. 593, 595; *Dyer* v. *Erie R'y*, 71 N. Y. 228, 234–236; *East Tennessee etc. Railroad* v. *Gurley*, 12 Lea, 46, 62, 63; *Railroad Co.* v. *Aspell*, 23 Pa. St. 147, 150; *Georgia R. R. Co.* v. *Rhodes*, 56 Ga. 645, 648; *Roll* v. *Northern C. R. R. Co.*, 15 Hun, 496, 502; *Twomley* v. *Central Park etc. R. R.*, 69 N. Y. 158, 160; 25 Am. Rep. 162; *Pittsburg etc. R. R.* v. *Robinson*, 29 Alb. L. J. 96, 97; *Spicer* v. *Chicago etc. R'y Co.*, 29 Wis. 580, 582; *Ingalls* v. *Bills*, 9 Met. 3, 15; 43 Am. Dec. 346; *Southwestern R. R.* v. *Paulk*, 24 Ga. 356, 365, 366; *Jones* v. *Boyce*, 1 Stark. N. P. 493; *Cook* v. *Parham*, 24 Ala. 21, 34, 35; *Eckert* v. *Long Island R. R.*, 57 Barb. 555, 560; *Stokes* v. *Saltonstall*, 13 Pet. 181, 193; *Coulter* v. *American etc. Ex. Co.*, 56 N. Y. 585, 586, 588; *Schultz* v. *Chicago etc. R. R.*, 44 Wis. 638, 644, 645; 58 Am. Rep. 881; *Wilds* v. *Hudson River R. R.*, 33 Barb. 503, 507, 508; *Central R. R.* v. *Roach*, 64 Ga. 635, 637, 640, 641; *Mark* v. *St. Paul etc. R. R.*, 30 Minn. 493, 495, 496; *Pittsburg etc.*

*R'y* v. *Martin*, 82 Ind. 476, 487; *Gurnz* v. *Chicago etc. R. R. Co.*, 52 Wis. 672, 679, 680; *Galena etc. R. R.* v. *Yarwood*, 17 Ill. 509, 510, 521; 65 Am. Dec. 682; *Frink* v. *Potter*, 17 Ill. 406, 410, 411; Pierce on American Railroad Law, 475; Deering on Negligence, sec. 22; 1 Shearman and Redfield on Negligence, sec. 89, and cases cited; 2 Id., sec. 519; Thompson on Carriers, 266, 267; Beach on Contributory Negligence, secs. 14, 53, and cases cited; Wharton on Negligence, secs. 93, 94, 304, 377, and cases cited; 4 Am. & Eng. Ency. of Law, 49, 50, tit. Contributory Negligence, and cases cited in note.) The fact that other passengers remained in the car or coach and escaped without injury, or that the passenger himself, if he had remained, would have been unhurt, has been held not to militate against the right of recovery. (*Buel* v. *N. Y. Central*, 31 N. Y. 314, 319; 88 Am. Dec. 271; *Pittsburg* v. *Rohrman*, 29 Alb. L. J. 96, 97; *Iron Railroad Co.* v. *Mowery*, 36 Ohio St. 418, 419, 422; 38 Am. Rep. 597; *Cuyler* v. *Decker*, 20 Hun, 173–175; *Twomley* v. *Central Park R. R.*, 69 N. Y. 158, 160; 25 Am. Rep. 162; *Wilson* v. *Northern Pac. R. R. Co.*, 26 Minn. 278, 283, 284; 37 Am. Rep. 410; *Georgia R. R.* v. *Rhodes*, 56 Ga. 645, 648.) Whether or not a passenger is negligent in seeking escape by the platform of a car, when a collision or other catastrophe is imminent, is a question for the jury. (*Buel* v. *N. Y. C. R. R. Co.*, 31 N. Y. 314–319; 88 Am. Dec. 271; *Iron R. R. Co.* v. *Mowery*, 36 Ohio St. 418–422; 38 Am. Rep. 597; *Pittsburg* v. *Rohrman*, 29 Alb. L. J. 96, 97; *Collins* v. *Albany etc. R. R.*, 12 Barb. 492, 494, 495; see also authorities *supra*.) It is not negligence *per se* for a passenger to leave, or attempt to leave, a moving train. Whether or not it is negligence, is for the jury, in view of all the circumstances. (*Little Rock etc. R. R. Co.* v. *Atkins*, 46 Ark. 423; *Raben* v. *Central Iowa R. R. Co.*, 73 Iowa, 579; 5 Am. St. Rep. 708; Beach on Contributory Negligence, sec. 53; Wharton on Negligence, p. 340, sec. 380.) There was no prejudicial error in excluding the testimony of witness Smith that

the conductor had returned into the car before the accident; for by the previous evidence of the conductor himself, uncontradicted and unobjected to, it was shown that he had returned to the car. (*People* v. *Salorse,* 62 Cal. 139, 145; *Barilari* v. *Ferrea,* 59 Cal. 1, 4; *Branson* v. *Caruthers,* 49 Cal. 374, 381; *People* v. *Woody,* 48 Cal. 80, 83; *Hicks* v. *Whiteside,* 23 Cal. 405, 407; *People* v. *Westlake,* 62 Cal. 310.) The court committed no prejudicial error in excluding testimony to the effect that no passenger, other than plaintiff, left the car. (*Buel* v. *N. Y. Central,* 31 N. Y. 314, 319; 88 Am. Dec. 271.)

PATERSON, J. — This is an action to recover damages for personal injuries sustained by plaintiff while traveling as a passenger on one of defendant's trains.

Appellant contends that the judgment and order should be reversed, because plaintiff failed to show negligence in the management of the train, or any defect in the defendant's railroad track.

It is doubtless true, as claimed by appellant, that in cases of this character the burden of proof is upon the plaintiff to establish negligence on the part of the defendant, and that the mere fact that a passenger was injured while on his journey is not sufficient to raise a presumption of negligence on the part of the carrier. But in this case not only is the injury admitted, but the derailment and overturning of the car are undisputed facts, and there is evidence tending to show that at the time the accident occurred the train was running down a steep incline leading to the bed of a river, on a new and curved track, at an unusual and dangerous speed. This showing was sufficient to throw upon the defendant the burden of proving that the injury was not caused by any want of care on its part. (*Boyce* v. *Cal. Stage Co.,* 25 Cal. 460; *Lawrence* v. *Green,* 70 Cal. 417; 59 Am. Rep. 428; *Treadwell* v. *Whittier,* 80 Cal. 574; 13 Am. St. Rep. 175; *Breen* v. *N. Y. C. R. R. Co.,* 109 N. Y. 297.)

At the time the accident occurred the plaintiff was standing on the platform of the smoking-car, and it is claimed that he cannot recover for the injury sustained by him, and that defendant is relieved from responsibility therefor by the provisions of section 484 of the Civil Code, which reads as follows: "Every railroad corporation must have printed and conspicuously posted on the inside of its passenger-cars its rules and regulations regarding fare and conduct of its passengers; and in case any passenger is injured on or from the platform of a car, or on any baggage, wood, gravel, or freight car, in violation of such printed regulations, or in violation of positive verbal instructions or injunctions given to such passenger in person by any officer of the train, the corporation is not reponsible for damages for such injuries, unless the corporation failed to comply with the provisions of the preceding section." Plaintiff admitted at the trial that defendant had proper notices, as required by this section, posted in all of its cars, and that he had full knowledge of their contents before the accident. He testified that he had gone out upon the platform immediately before the accident, in consequence of the fear that some disaster would occur; that his attention was directed to the speed of the train as soon as it passed over the top of the grade and began to descend; that the great and unusual speed at which the train was going, taken in connection with the fact that the road was new and temporary, led him to believe that an accident would occur, and that he went out upon the platform intending to jump therefrom to the sand on the inside of the curve, where he believed he would escape with less injury than if he remained in the car, and that he had no sooner reached the platform than the car was overturned and he was thrown upon the ground; that he had been for a long time in the employ of Wells, Fargo, & Co., had acquired a knowledge and skill as to the movement of trains, could distinguish between the degrees of speed by the motion

of the train, and that the train ran faster on the day of the accident than ever before.

The evidence of the defendant tends to show that the plaintiff had been upon the platform several minutes before the accident occurred, but if the jury believed the testimony of the plaintiff, it was for them to say whether the circumstances were such as would lead a person of ordinary prudence to act as the plaintiff did. The inquiry is, Where there has been an unsuccessful attempt to escape danger in an accident, was the attempt which was made an unreasonable or rash act? or was it one which a person of ordinary care and prudence might do under the circumstances? The answer to this inquiry cannot be made to depend upon the result of the attempt to escape, nor upon the result which would have occurred if the attempt had not been made. It would be unreasonable to require a passenger in case of accident to judge with absolute certainty the degree of danger attending him if he made no effort to escape, and the absolute consequences of an effort to escape. He must act upon the probabilities of an effort to escape as they appear to him, and choose that hazard which seems to him, as a person of prudence, to be the least. Of course, the facts that he was injured in the attempt to escape, and that those who remained in the car escaped without injury, are circumstances which the jury should consider in determining whether he acted as a man of ordinary prudence would under the circumstances; but where he has acted in the manner described, it cannot be said that his attempt to escape constituted contributory negligence. (*Twomley* v. *C. P. N. & E. R. R. Co.*, 69 N. Y. 160; 25 Am. Rep. 162; *Iron Railroad Co.* v. *Mowery*, 36 Ohio St. 418; 38 Am. Rep. 597.)

In *Buel* v. *N. Y. C. R. R. Co.*, 31 N. Y. 319, 88 Am. Dec. 271, the court said: " The statute exempts a railroad company from liability to a passenger who shall be injured while on the platform of a car, etc., in violation

of the printed regulations of the company, posted up at the time, in a conspicuous place, inside of its passenger-cars then in the train; provided the company, at the time, furnished room inside its passenger-cars sufficient for the proper accommodation of the passengers. (Laws of 1850, c. 140, sec. 46.) There was in this case a printed regulation pursuant to this statute posted in a conspicuous place inside the car, prohibiting passengers from standing or riding on the platform of any car. But neither the statute nor the regulation has any application to a case like the present one. . : . . The statute was intended to prevent the imprudent act of standing or riding on the platform, but not to absolve railroad companies from responsibility for every injury which might happen at that place when a passenger is passing over it, while justifiably entering or leaving the cars." In that case it was held that although the plaintiff was injured while attempting to escape from the car in a collision, and although the passengers in the same car with him, who kept their seats, escaped uninjured, he could not be held guilty of contributory negligence; that he acted with ordinary care and prudence.

We have carefully examined the instructions of the court to the jury, and find no error in any of them.

The court erred in sustaining plaintiff's objections to the questions asked by defendant as to the conduct of the passengers who remained in the car, and whether any of them was injured. Evidence of the action of other passengers in such cases is competent as a part of the *res gestæ*, and to show what they, being in the same dangerous situation, deemed prudent conduct. They all had an equal interest in protecting themselves, and will be presumed to have done what appeared to them to involve the least hazard.

This error was cured, however, by other testimony — which appears not to be disputed — showing that there were only three passengers in the car besides plaintiff,

and that they all remained in their seats until the car was overturned, and all escaped unhurt.

There is another error assigned, based upon the refusal of the court to allow defendant to ask how often plaintiff had traveled over the road prior to the accident; but as evidence on the topic went in afterwards without objection, no prejudice can be predicated on the ruling complained of.

There was one error which we think was prejudicial, and which entitles the appellant to a new trial. The plaintiff testified that the car left the track immediately after he reached the platform; that "just as I [he] had stepped out of the car door the crash came." It was claimed by the defendant, and it attempted to show by evidence, that plaintiff was improperly on the platform; that he was not there through fear of an accident; that he had been standing on the platform in violation of its regulations several minutes before the accident occurred, and was consequently guilty of contributory negligence. The conductor testified that he left the smoking-car two or three minutes before the accident occurred, and that plaintiff went out with him; that the train was not going as fast then as it had on former occasions at the same point, and while plaintiff was on board; that he gave the brakeman orders to let off the brakes, walked back into the smoking-car and took his seat, while the plaintiff remained standing on the platform. The defendant then called S. W. Smith, who was one of the three passengers in the car at the time of the accident, and he was asked to state whether Mr. Clark, the conductor, returned into the smoking-car after he and plaintiff left it, and before the accident occurred. Plaintiff objected to the question, on the ground that it was immaterial; the court sustained the objection, and defendant excepted.

The question whether plaintiff went upon the platform under the circumstances narrated by him was a most important one; in fact the main question in the case is,

whether he acted as a prudent man would under the circumstances. In determining that question, the length of time he remained upon the platform, and the conduct of others on the train, including the officers of the train, is material, competent, and important. The testimony of the conductor, if true, would tend, not only to impeach the testimony of the plaintiff as to the length of time he stood on the platform, but directly to prove that there was no apparent reason for alarm at the time the accident occurred. To enable the jury to decide whether the conductor's account of the circumstances, or that of the plaintiff, was correct, the testimony of Smith, a disinterested witness, might have been important. It certainly was material and competent, and should have been admitted.

Judgment and order reversed, and cause remanded for a new trial.

McFARLAND, J., Fox, J., and BEATTY, C. J., concurred.

WORKS, J., concurred in the judgment.

SHARPSTEIN, J., dissented.

THORNTON, J., dissenting.—I dissent. The exclusion of the testimony of Smith on which the reversal is ordered could not possibly have caused any injury to the defendant. Evidence of the return of the conductor before the catastrophe occurred in which the plaintiff was injured was already in and uncontradicted. The conductor had already testified to the fact of such return. The time of the return of the conductor from the platform could not possibly show how long the plaintiff stood on the platform, as the conductor, when he returned, left the plaintiff standing on the platform. The evidence shows that the conductor and plaintiff went on the platform at the same time. The conductor returned, leaving plaintiff on the platform. How could the time of the

return of the conductor show how long plaintiff re-
mained on the platform after such return ? If the re-
turn of the conductor from the platform could show
anything as to the time that the plaintiff remained on
the platform after such return, the fact of his return was
already in evidence and uncontradicted. A case care-
fully and laboriously tried should not be sent back for a
new trial for an error, if any, so trifling.

Rehearing denied.