[Civ. No. 6807. First Appellate District, Division Two.—June 25, 1930.]

NORA DEWEES, Respondent, v. DOROTHY KUNTZ, etc., Appellant.

W. I. Gilbert and Lasher B. Gallagher for Appellant.

M. F. McCormick for Respondent.

BURROUGHS, J., *pro tem.*—This is an action for damages for personal injuries.

At a former hearing of this case the conclusion was reached that the negligence of the defendant was the proximate cause of the accident which resulted in the injuries to the plaintiff, which is the subject matter of this suit.

After a more mature consideration we are of the opinion that we failed to give due weight to the close proximity to each other of the several automobiles and the narrowness of the road over which they were traveling.

The evidence discloses that the plaintiff and defendant are mother and daughter, respectively. At the time of the accident they were returning from a rodeo being held near a place called Squaw Valley to their home in the city of Fresno. The defendant was the owner of and operating the automobile, a Chrysler roadster. The plaintiff occupied the right side of the driver's seat. The road was an ordinary unpaved mountain grade, and, where the accident occurred, the traveled portion thereof was twelve feet wide. On the outside there was an extension of the traveled portion of the road which was composed of small rock and boulders and soft dirt on top. The defendant was familiar with the road, having traveled over it many times. The evidence shows that defendant was traveling downgrade on her side of the road, and on rounding a curve she saw ahead of her a parked automobile which was on the inner side of the road and facing toward her. When she first saw the car it was between twenty and thirty feet from her. She had ample room to pass this car. After rounding the curve and observing the parked car, almost at the same time she saw another car coming up the grade behind the parked car. The approaching car turned to pass the parked car and entered the defendant's side of the road. The defendant's car was almost at the front of the parked car and as the approaching car entered defendant's right of way, defendant turned to the right to pass this on-coming car and when her car entered the soft dirt both right wheels sunk into it and the car toppled over on its right side.

Defendant also testified that she could stop her car in about twenty-five feet, but that she was not that distance

away when she first saw the approaching car. She thought she could pass the car by turning to the right. In the former opinion we held that the defendant made no effort to stop her car and that had she done so the accident could have been avoided. In so holding we were in error. The defendant was traveling on her own side of the road at a reasonable rate of speed; when the car coming up the grade behind the parked car, turned to pass, it was within a short distance of defendant, and she testified she could not pass it without turning to the right. She did this, with the result above stated. The distance between defendant's car and the approaching car was less than twenty-five feet and allowed but an instant of time for the defendant to act. Under such circumstances the rule laid down in 20 Ruling Case Law, page 29, and cited with approval in *Uhl* v. *Fertig*, 56 Cal. App. 718, 724 [206 Pac. 467], is applicable. The rule is as follows: "The rule, judicially stated, is that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence." In *Mitchell* v. *Southern Pac. R. R. Co.*, 87 Cal. 62 [11 L. R. A. 130, 25 Pac. 245, 246], it is said: "The inquiry is, Where there has been an unsuccessful attempt to escape danger in an accident, was the attempt which was made an unreasonable or rash act? or was it one which a person of ordinary care and prudence might do under the circumstances? The answer to this inquiry cannot be made to depend upon the result of the attempt to escape, nor upon the result which would have occurred if the attempt had not been made. It would be unreasonable to require a passenger in case of accident to judge with absolute certainty the degree of danger attending him if he made no effort to escape, and the absolute consequences of an effort to escape. He must act upon the probabilities of an effort to escape as they appear to him, and choose that hazard which seems to him, as a person of prudence, to be the least."

See, also, 19 California Jurisprudence, page 598, and the cases there cited for a full discussion of the above rule.

Defendant was, without fault on her part, suddenly confronted with a situation that required prompt action on her part. She immediately took the course she deemed best

and, so far as the record discloses, it may have been the best one. The course pursued was one that any reasonable and prudent person might have followed, and was, therefore, not negligence.

There has also been presented to this court the effect of section 141¾ of the California Vehicle Act, commonly called the "Guest Act," effective August 14, 1929. (Stats. 1929, p. 1580.) The point presented is that all actions by guests who are claiming damages for negligence against their host, pending at the time said act took effect, are abated by said section. However, in view of our holding that the defendant was not negligent, it is unnecessary to decide the question.

The judgment is reversed and the cause remanded for a new trial.

Sturtevant, J., and Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 24, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 21, 1930.