[Civ. No. 4321. Third Appellate District.—April 22, 1931.]

R. F. MILLER et al., Respondents, v. T. J. GEARY et al., Defendants; PAULA GEARY, Appellant.

574

J. Hampton Hoge and A. Dal Thomson for Appellant.

M. H. Iversen for Respondents.

MR. JUSTICE THOMPSON (R. L.) Delivered the Opinion of the Court.—This is an appeal from a judgment for damages sustained as the result of an automobile casualty.

In the following opinion Edith I. Miller will be referred to as the respondent and Paula Geary as the appellant.

On the night of August 30, 1928, the respondent was riding as a passenger for pleasure with appellant in her Oldsmobile coach from Cloverdale to Hopland along the Redwood highway. The paved portion of the highway is sixteen feet in width with a two-foot gravel shoulder on either side. They were traveling on the outer side of the roadway at a rate of speed of about twenty miles an hour. They were ascending a grade and approaching a left curve in the road. Before reaching this turn of the road, there was an unobstructed view of the roadway ahead of them for a distance of three or four hundred feet. The ladies were engaged in conversation. It was dark. The headlights were turned on. As they approached this curve in the road another automobile suddenly came around the turn toward them. It was traveling downgrade upon the

proper side of the highway. The respondent testified in this regard: The car was approaching "on the side it belonged on. . . . Q. Well it was over . . . to your side? A. No, the 'other side. . . . It got by us, and didn't touch us, I know that." It passed "on the upper side going south . . . Q. It didn't attempt to pass you on the right hand side? A. No, sir." The approaching machine was twenty-five or thirty feet away when the respondent first saw it. Its lights were not blinding. The passing car did not strike the appellant's machine. There is no evidence that he passed dangerously near the appellant's car. The appellant turned suddenly to her right. The right front wheel of her machine ran over the edge and they were precipitated into a gulch below the highway. The respondent sustained a broken pelvis together with other injuries. A judgment of $3,910 was rendered in her favor. From this judgment the defendant appealed.

The appellant contends that the findings and judgment are not supported by the evidence. It is asserted that the accident was the result of an attempt on the part of the appellant to extricate herself from sudden peril, which exempts her from damages resulting from a lack of judgment in properly regulating her machine in the emergency, and that she is therefore not guilty of negligence. The appellant relies upon the case of *Dewees* v. *Kuntz*, 106 Cal. App. 665 [289 Pac. 912]. That case, however, may readily be distinguished from the present action. The facts are materially different. In that case the defendant was driving an automobile downgrade over a twelve-foot mountain dirt grade, with soft embankments at the outer edge. In rounding a curve, she suddenly came upon another machine parked on the inner side of the roadway. At the same time she observed a third machine coming toward her. The opinion recites that: "The approaching car turned to pass the parked car and entered the defendant's side of the road. The defendant's car was almost at the front of the parked car and as the approaching car entered defendant's right of way, defendant turned to the right to pass this on-coming car, and when her car entered the soft dirt both right wheels sunk into it and the car toppled over."

In that case, the defendant was really threatened with imminent danger. The very pathway along which her

machine was running was suddenly obstructed. She was required to turn out to the very edge of the narrow roadway, or sustain a head-on collision. In the present case there was no parked car to obstruct the roadway. The highway was of ample width for passing vehicles, with a hard surface to the very edge. The approaching machine was not in the pathway of her automobile. There was really no imminent danger confronting her.

There is no merit in this appeal. ▮ The question of the negligence of the defendant is concluded by the judgment of the court. There is ample evidence to support both the findings and the judgment. The defendant was familiar with this highway where the accident occurred. She had driven over it for ten years. It was sufficiently wide to be reasonably safe. The highway was unobstructed ahead of her machine for a distance of three or four hundred feet. The headlights of the approaching machine should have warned the appellant of its proximity. It did not strike the appellant's machine, nor run dangerously near it. It had passed her machine some considerable distance before she ran off the grade. The ladies were engaged in conversation. It seems quite likely the appellant was inattentive and negligent in the operation of her machine. Regarding her conduct and the circumstances which occurred at the time of the accident, the following examination of the appellant occurred: "Q. Were you blinded by the lights on the car coming toward you? A. No. Q. And you could see quite well what you were doing? A. Yes. Q. You pulled your car sharply to the right as it went off the grade? A. Yes." The evidence amply supports the finding that she was negligent in the operation of her car, and that this lack of ordinary care proximately caused the accident.

▮ The question as to whether her conduct is excusable on the theory of the presence of sudden peril was a problem for the determination of the court. This court is bound by the conclusion of the trial court in that regard under the circumstances of this case.

▮ The appellant contends that a written statement of the respondent which was procured prior to the trial by an agent of the automobile association of which the appellant was a member, refutes her testimony to the effect that

the passing car was not in the direct pathway of the appellant's machine when it was first observed. This statement was received in evidence at the trial. It did recite that, "this other car traveling south continued on and to its wrong side of the highway, and came toward the car in which I was riding". This statement was offered in evidence to impeach the respondent, on the theory that it contained her previous declaration regarding the course of the passing machine which is in conflict with her testimony at the trial. It is conflicting. The respondent testified that it was prepared by the insurance adjuster who visited her to obtain the statement and that he told her "it was all right,—if I didn't sign it he couldn't get his expense money". She further testified that he then said regarding compensation for her injuries that "everything would be taken care of".

The contradictory statement was competent only for the purpose of determining the credibility of the witness. It is not necessarily controlling. The court had a right to consider the circumstances under which it was obtained and the interest of the insurance adjuster who prepared and procured it. The evidence that the passing machine was really traveling on its proper side of the highway is quite convincing. At least this court is bound by the conclusion of the trial court in that regard.

The judgment is affirmed.