[Civ. No. 731.   Fourth Appellate District.—March 28, 1933.]

NORA DEWEES, Respondent, v. DOROTHY KUNTZ, Appellant.

Lasher B. Gallagher for Appellant.

M. F. McCormick and Fred Baruch, Jr., for Respondent.

MARKS, Acting P. J.—Since this action was instituted appellant has married and her name is now Dorothy Mullineaux. This is the second appeal in this case. The first judgment was reversed on the ground that the evidence did not show any negligence on the part of appellant. The facts appearing on the first trial are stated in the earlier opinion, *Dewees* v. *Kuntz,* 106 Cal. App. 665 [289 Pac. 912], and we will not repeat here those which are common to both records. We will confine ourselves to a discussion of evidence omitted from the second record, but which appears in the first, and new facts developed in the second trial.

There is no evidence before us that at the place of the accident there was any "soft dirt on the top" of the small rocks and boulders on the extreme right of the traveled portion of the roadway from the direction in which appellant

was traveling. The curve in the road, at the place of the accident mentioned in the former opinion, is now described as slight.

Appellant testified that the accident happened while she was traveling down grade and immediately after she had crossed a culvert in the form of a pipe under the road and that she remembered crossing but one culvert before the accident. An officer of the county of Fresno who had charge of this particular road, testified there were two culverts on the downgrade west of Squaw Valley. The upper, or one nearest Squaw Valley, was an iron pipe under the road which discharged into a depression at the roadside. The second, or lower culvert, was a much larger pipe with its ends set in rock abutments. He testified that while standing in the road immediately below the lower culvert he could see the road for two hundred yards towards Squaw Valley, and from immediately below the upper culvert he could see the road for one hundred yards in the same direction. We think the evidence justifies the conclusion that the accident happened immediately after appellant drove her car across the smaller or upper culvert. None of this evidence appears in the transcript of the first trial.

On a second appeal the decision on questions of law on the first appeal becomes the law of the case and is binding where there is identity of facts. Where there is a substantial difference in the evidence offered at the second trial the rule cannot apply. (*Sichterman* v. *Hollingshead Co.*, 117 Cal. App. 504 [4 Pac. (2d) 181]; *Coulter* v. *Howard*, 113 Cal. App. 208 [298 Pac. 140].) There is a sufficient difference in the facts developed in the two trials to permit us to re-examine the evidence in the record on this appeal in order to determine the question of the negligence of appellant.

It appears from the new evidence now before us that when appellant's car was three hundred feet from the place of the accident she had a view of the road in front of her for a distance of four hundred and fifty feet. She testified that she did not see the automobile parked on the left-hand side of the road until she was twenty-five feet from it, and neither did she see the approaching automobile until it was between fifteen and twenty-five feet from her. The evidence justifies

the inference that she could have seen the approaching car when it was one hundred fifty feet back of the parked automobile. She could have seen the parked car when she was three hundred feet from it.

The general rules governing the care to be used by the driver of an automobile are summarized as follows: "In order to establish a *prima facie* case, the plaintiff must prove facts from which it appears that the collision resulted from some act or omission of the defendant, and that the latter ought to have foreseen or was enabled to foresee that the collision would result from his conduct. . . . As to whether the defendant is to be deemed to have been enabled to foresee and avert the collision is to be determined from the facts and circumstances which attended the calamity. The statutory provisions as to care, prudence and speed contemplate the 'peculiar circumstances and conditions under which a car may be operated over a public highway at a particular time —whether it be after nightfall and dark or in the daytime and light, the width of the highway and whether it is one which, by reason of its connections, is or may naturally be expected to be at all times subject to a heavy or light traffic. In other words, said section requires the exercise of that amount of care in driving a motor vehicle over the highway which the circumstances or conditions of the particular occasion exact, having in view the character of the highway and the use to which it is then being put.' In some cases the evidence may justify a conclusion that he had actual knowledge of the danger of collision; in others it may be concluded from the attendant circumstances that the defendant was advised of the peril, but in a less degree. If it appears that the defendant omitted to take a precautionary measure which was prescribed by law or usage, the imputation is that he must have had knowledge of the danger." (Title, Automobiles, 1928 Supp. to Cal. Jur., pp. 93 to 95.)

We have concluded that the evidence before the trial court at the second trial is sufficient to sustain the finding that appellant was guilty of negligence. The inference is clear that she could have seen the danger in front of her, at a sufficient distance that she need not have been placed in the position of sudden peril, if she had been alert and watchful. The trial court having found negligence on the

part of appellant that proximately caused the accident, and there being competent evidence in the record to support the finding, it becomes final on appeal, even though a contrary finding would have had evidentiary support.

■ Appellant further urges that the drivers of the parked car, and of the automobile which passed it, were both guilty of negligence which proximately caused the injury to respondent and that the recovery of damages should have been against them. This may be true, but their negligence would not relieve appellant of the results of her own want of ordinary care if it was a proximate cause of the damage. "The law does not require that negligence of the defendant must be the sole cause of the injury complained of in order to entitle the plaintiff to damages therefor. All that is required in either respect is that the negligence in question shall be *a* proximate cause of the injury." (*Griffith* v. *Oak Ridge Oil Co.,* 190 Cal. 389 [212 Pac. 913, 914] ; *Condon* v. *Ansaldi,* 203 Cal. 180 [263 Pac. 198] ; *Merrill* v. *Los Angeles G. & E. Co.,* 158 Cal. 499 [111 Pac. 534, 139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559].)

■ Appellant complains of the rulings of the trial court in overruling her objections to questions propounded to the official of Fresno County concerning the condition of the road on which the accident occurred. She maintains that the place of the accident was not sufficiently fixed to show that the portion of the road described by this witness included the scene of the accident. We think there is no merit in this argument. The objection went more to the weight of the evidence than to its admissibility.

The trial court found that respondent suffered general and special damages in the sum of $1570. The judgment is for $1750. There is evidently a transposition of figures which should be corrected.

The judgment for damages is reduced from $1750 to the sum of $1570, and as so reduced is affirmed. Each party will pay her own costs on this appeal.

Jennings, J., concurred.

Barnard, P. J., deeming himself disqualified, did not participate herein.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 19, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1933.