[Civ. No. 11964.   First Dist., Div. One.   July 13, 1942.]

DEMETRIO GAMALIA et al., Appellants, v. LOUIS G. BADILLO et al., Respondents.

Morris Oppenheim for Appellants.

Phillips & Munck and Sandford, Barry & Spencer for Respondents.

PETERS, P. J.—Plaintiffs appeal from a judgment in favor of defendants rendered by the court sitting without a jury, and in which findings were waived. The sole contention of appellants is that the judgment is totally unsupported by the evidence, and that, under the evidence, defendant Louis G. Badillo, as a matter of law, was guilty of negligence proximately causing the accident out of which the injuries complained of arose. Appellants have filed a six and one-half page opening brief, in which not one authority is cited, and have not filed a reply brief. A reading of the transcript demonstrates that there is no merit to the appeal; in fact, the point urged approaches the frivolous.

The action arose out of an automobile accident that occurred on the main highway south of San Rafael at about 7:30 a. m. on September 30, 1939. Defendant, Louis G. Badillo, accompanied by his wife and another passenger, was driving his car northerly toward San Rafael at a speed of about thirty-five miles per hour. Plaintiff, Demetrio Gamalia, accompanied by his wife, was driving on the same highway in a southerly direction, that is, towards San Francisco. The highway is a three-lane highway, and, immediately preceding the accident, each of the automobiles was in its proper outside lane. As defendants' car approached within several hundred feet of the Gamalia car, the axle on defendants' car broke alongside the left rear wheel, causing that wheel to fly off, and causing the car to fall onto the brake shield. When

this occurred the Badillo car was proceeding down a rather steep grade. Badillo testified that the effect of the accident was to cause his car, equipped with four-wheeled mechanical brakes, to lose its braking power. He tried both the foot brake and the emergency brake, but neither would stop the car. The car was zigzagging back and forth, and he tried to manipulate the steering wheel so as to keep the car on his side of the highway. After his car had proceeded about one hundred and sixty feet, it turned sharply to the left and crashed into the side of the Gamalia car that was coming up the grade. The accident occurred in the lane of the highway in which Gamalia was properly driving. As a result of the collision, Mrs. Gamalia sustained injuries from which she died, Mr. Gamalia incurred minor injuries, and the Gamalia car was damaged.

The evidence shows that as the Badillo car was proceeding down the grade, to its right, and just beyond the shoulder of the highway, was a steep drop of some three or four hundred feet. On the left of the highway there was a steep embankment. Neither in the pleadings nor at the trial did plaintiffs attempt to raise any issue as to the negligent maintenance of the car by defendants. The sole contention then, and now, made is that Badillo negligently handled the car after the wheel broke off. Appellants urge that in the exercise of care Badillo should have refrained from applying the brakes and should have concentrated solely upon steering his car in a straight line. This contention is predicated upon the testimony of an auto mechanic that, after the wheel flew off, whatever braking power was left would tend to concentrate in the left front wheel, and that the application of the brakes would tend to force the car to the left. This same mechanic testified that the breaking of the axle was due to crystallization; that such axle breaks are unforeseeable; that generally such breaks occur towards the center of the axle; that in such a break the wheel does not come off and the brakes may be applied; that this break was about flush with the wheel; that when the wheel flew off it interfered with the operation of the mechanical brakes because it removed the equality of pressure which must be applied to each wheel in order to have mechanical brakes operate properly.

From this brief résumé, it must be apparent that the question of whether Badillo acted reasonably, in the face of

the sudden peril with which he, through no fault of his own, was presented was a question of fact for the trier of the facts. The situation is simply one where Badillo was driving down a three-lane highway on his own side of the road at a lawful speed when, without fault on his part, his left rear axle broke and the wheel flew off. He was immediately confronted with a sudden, serious and unexpected emergency. There was a dangerous drop to his right, the Gamalia car was approaching up the hill to his left, he was going down hill, his brakes were gone, the left rear side of his car was bumping along on the brake shield, and the car was swerving out of control. He tried to keep the car in a straight line and tried to stop it. He was unsuccessful, but that does not mean that, as a matter of law, he was negligent.

The law is clear, of course, that one who, without negligence on his part, is suddenly confronted with an unexpected imminent danger, is not required to exercise the same quantum of care imposed upon one who acts after careful deliberation. The test is, did he act as a reasonably prudent man would act under similar circumstances? Where a person, in such sudden emergency, is presented with an immediate choice between alternative courses of conduct, he is not necessarily negligent if he makes what turns out to be an unwise choice, if a reasonable man, under identical circumstances, would have made a similar choice. The conduct of a person in such sudden emergency must be viewed in the light of the confusion and excitement of the moment, and not judged by what a person would have done had time existed deliberately to plan a course of conduct. In each case, whether the person acted reasonably is a question of fact for the trier of the fact. These principles are well settled. (*Dewees* v. *Kuntz,* 106 Cal. App. 665 [289 Pac. 912]; *Miller* v. *Geary,* 113 Cal. App. 573 [298 Pac. 843]; see annotation and cases collected 79 A. L. R. 1277; see cases collected 19 Cal. Jur. 598, § 36.)

In the instant case it is obvious that the implied finding that Badillo acted reasonably and was not negligent finds ample support in the record.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.