JOHN A. BARDEN *vs.* BOSTON, CLINTON AND FITCHBURG RAILROAD COMPANY.

Bristol. January 3. — 6, 1877. COLT & AMES, JJ., absent.

A passenger in a car of a railroad corporation, on the station to which he was going being announced, and after the car had entered the station, left his seat and stood inside the closed door of the car, for the purpose of hastening his departure from the car. While he was so standing, the car came into collision with another car and the passenger was thrown down and injured. *Held*, in an action by him against the railroad corporation, that the question, whether he was in the exercise of reasonable care, was for the jury.

TORT for personal injuries received by the plaintiff while a passenger in a car of the defendant. Trial in the Superior Court, before *Allen*, J., who, by consent of the parties, before verdict, reported the case for the determination of this court, in substance as follows :

The plaintiff purchased of the defendant a ticket at Attleborough for Taunton, and entered the defendant's train for that city. A short distance before arriving at the station in Taunton, in the daytime, the engine and one passenger car containing passengers for Taunton were switched off on a side track, leaving the car, in which the plaintiff was, to run down the main track and connect with the train from Boston for New Bedford, which was waiting on the track in the station for the train from Attleborough.

The car containing the plaintiff was so carelessly and negligently run into the station as to come in violent collision with the other train standing in the station, and with such force as to throw the plaintiff upon and against the seats and the floor of the car, breaking three of his ribs, inflicting a severe wound on his head, and injuring his left shoulder and arm.

The plaintiff was occupying the seat next the closet on the right side of the car, at the rear end, and, when the approach of the car to the station at Taunton was announced, he arose from his seat and stood in the aisle, preparatory to leaving it when the car should stop, and, while so standing, the collision took place. He stood at the time three or four feet from the door, which was shut, and had not been opened or touched by him.

The defendant contended that the evidence tended to establish the foregoing facts, and that, if so, the plaintiff was guilty of contributory negligence, as a matter of law, which would preclude his recovery. The plaintiff contended that it was a question for the jury.

If the plaintiff on these facts was guilty of such negligence, as matter of law, as to preclude a recovery, judgment was to be entered for the defendant ; but if, on the other hand, the plaintiff, as matter of law, was not guilty of contributory negligence, or if that question was for the jury upon the foregoing facts, then judgment was to be entered for the plaintiff in the sum of $8000 and costs.

*J. Daggett & E. H. Bennett*, for the plaintiff, were stopped by the court.

*G. A. Torrey*, for the defendant.

GRAY, C. J.   We can have no doubt that the contract between the parties, which required the corporation to furnish the plaintiff with a seat, did not, as matter of law, oblige him to keep it from the time he first took it until the train had come to a final stop at the place of his destination; and that the question whether he was wanting in reasonable care in leaving his seat and standing in the passageway inside the closed door, after the approach of the train to the station at which he was to alight had been announced and the car had actually entered the station, and for the purpose of hastening his departure from the car, was a question of fact for the jury.

In the cases on which the defendant mainly relies, the plaintiff was not, as in this case, wholly within the car. *Hickey* v. *Boston & Lowell Railroad*, 14 Allen, 429.   *Todd* v. *Old Colony Railroad*, 3 Allen, 18, and 7 Allen, 207.   *Pittsburg & Connellsville Railroad* v. *McClurg*, 56 Penn. St. 294.

*Judgment for the plaintiff.*