AUGUST SCHULTZE, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 19, 1888.

1.  **Pleading**: NEGLIGENCE : HOW CONTRIBUTORY NEGLIGENCE SHOWN. As a general rule, in this state, contributory negligence, to be available as a defense, must be pleaded. But where, in an action founded on the negligence of defendant, plaintiff's evidence shows that his own negligence directly contributed to produce the injury, he disproves the case alleged and cannot recover, notwithstanding such contributory negligence is not pleaded. If it falls short of this, and remains a question of fact which might be decided either way, then it should be pleaded to be available as a defense.

2.  **Practice**: DEMURRER TO EVIDENCE : WHEN PREDICATED UPON DEFENDANT'S EVIDENCE. The trial court could not sustain a demurrer to plaintiff's cause, predicated upon defendant's evidence ; the force of this evidence and the credibility of the witnesses must go to the jury. (*St. Clair v. Railroad*, 29 Mo. App. 76).

3. **Negligence:** WHAT WILL NOT CONSTITUTE CONTRIBUTORY NEGLIGENCE : WRONGFUL ACTS OF PARTY SETTING IT UP. When the defendant, by his own negligent or wrongful acts or omissions, throws plaintiff off his guard, or when the plaintiff acts, in a given instance, upon a reasonable supposition of safety induced by the defendant in a way which might otherwise be imputed to him as negligence, such conduct on the part of the plaintiff, so induced, will not constitute contributory negligence in law ; and the defendant will not be heard to say that the plaintiff's conduct, under such circumstances, is negligence, for the purpose of a defense to the action. (*McGee v. Railroad*, 92 Mo. 208).

4. **Practice:** PLEADING : INSTRUCTIONS : ENLARGING OF ISSUES. The petition in this case contained all (if not more) that the instructions contained, and the instructions presented no issue outside of the pleadings. This case is not that of declaring upon one cause of action and recovering upon another.

5. ————: FAILING TO CALL ATTENTION TO ERROR IN MOTION FOR NEW TRIAL. Where the defendant, as in this case, failed to call the attention of the court below, specifically, to an asserted error, in his motion for a new trial, this court is precluded from a consideration of it.

6. ————: CONFLICT OF EVIDENCE : HOW DETERMINED. This court will not weigh evidence—that is left to the trial court and the jury.

*Appeal from Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

The case is stated in the opinion.

*Shirk & Portis* and *Thos. J. Portis*, for the appellant.

(1) It was error to overrule defendant's demurrer to the plaintiff's evidence. Plaintiff's own statement showed him guilty of such contributory negligence as precluded a recovery. Notices as required by the statute were posted inside the car and on the door forbidding passengers to stand on the platform. R. S. 1879, sec. 800 ; *Lindsey v. Railroad*, 18 Am. and Eng. Ry. Cases, 179 ; 2 Rorer on Railways, 1103 and authorities cited ; *Railroad v. Hawk*, 72 Ala. 112 ;

*Higgins v. Railroad,* 2 Bosw. [N. Y.] 133 ; *Railroad v. Hoosey,* 6 Am. and Eng. Ry. Cases, 454, and note 460 ; *Gerstle v. Railroad,* 23 Mo. App. 361 ; *Bou v. Railroad,* 56 Iowa, 669. ( 2 ) Plaintiff's first instruction should not have been given. It is the mere statement of a general legal proposition, having no connection with, or bearing upon the case, and is plainly misleading. *Benson v. Railroad,* 78 Mo. 504, 513 ; *Henry v. Rice,* 18 Mo. App. 497. ( 3 ) Plaintiff's second instruction is erroneous. It is uncertain, misleading and prejudicial to the defendant. It tells the jury in general terms that if, after plaintiff got out onto the platform of the car, "the defendant, through its agents and servants, so carelessly and negligently ran and managed its said train so as to throw plaintiff off of the platform," they should find for the plaintiff. ( *a* ) The issue made by the pleadings is whether there was a jerk or jar, which caused the accident. This instruction enlarges this issue to any negligent act, and is for that reason erroneous. *Bank v. Murdock,* 62 Mo. 70, 74 ; *Storms v. White,* 23 Mo. App. 31 ; *Waldhier v. Railroad,* 71 Mo. 514. ( *b* ) The general language used only requires the jury to come to a conclusion, without finding the facts on which to base it. The instruction should have required the jury to find that the car was negligently jerked or jarred and plaintiff thereby thrown off. ( *c* ) It also requires the jury to find upon a mixed question of law and fact, viz., that the plaintiff was thrown off the car by some act, not stated in the instruction, and that such act was negligent, without stating or defining what would constitute negligence with reference to such act. ( 4 ) The court erred in inserting in defendant's second instruction the words "without the fault or negligence of defendant." If the plaintiff being on the platform of the car directly contributed to his own injury, he cannot recover, although the defendant may have been guilty of fault or negligence also. And under Revised Statutes 1878, sec. 800, it was negligence, *per se*, for plaintiff to stand on the platform, whilst the train was in motion. All the cases so hold. ( 5 ) The verdict is

so clearly against the evidence as to evince passion or prejudice on the part of the jury, or a failure to comprehend the instruction of the court, and should be set aside. *Railroad v. Williams*, 7 S. W. Rep. 88.

*L. Hoffman* and *Byron Sherry*, for the respondent.

(1) The court did not err in overruling defendant's demurrer to the evidence. *Doss v. Railroad*, 59 Mo. 27; *Waller v. Railrord*, 38 Mo. 608; *Leslie v. Railroad*, 88 Mo. 350; *Taylor v. Railroad*, 26 Mo. App. 336; *Brown v. Railroad*, 31 Mo. App. 675. (2) Contributory negligence, to be made available as a defense, should be pleaded. *Northrup v. Ins. Co.*, 47 Mo. 444; *Thompson v. Railroad*, 51 Mo. 190; *Harrison v. Railroad*, 74 Mo. 369; 2 Thomp. on Neg. 1253; *Donovan v. Railroad*, 89 Mo. 147; *Brown v. Railroad*, 31 Mo. App. 675; *McGee v. Railroad*, 92 Mo. 218; Beach on Con. Neg. 173. (3) The presumption of law is, that the plaintiff was in the exercise of due care. *Buesching v. Gas Co.*, 73 Mo. 233; *Flynn v. Railroad*, 78 Mo. 212; *O'Connor v. Railroad*, 94 Mo. 150. (4) The court cannot decide, under the facts and circumstances of this case, that the plaintiff was guilty of contributory negligence. *Doss v. Railroad*, 59 Mo. 27; *Straus v. Railroad*, 75 Mo. 185; *Straus v. Railroad*, 86 Mo. 422; *Waller v. Railroad*, 83 Mo. 608; *Leslie v. Railroad*, 88 Mo. 50; *Taylor v. Railroad*, 26 Mo. App. 336; *Gerstle v. Railroad*, 23 Mo. App. 361; *Burns v. Railroad*, 50 Mo. 139; *Maguire v. Railroad*, 115 Mass. 239. (5) As to instructions on the part of plaintiff. The first instruction is sustained by case of *Leslie v. Railroad*, 88 Mo. 50, and the second is in conformity to the facts and circumstances of the case. *Brown v. Railroad*, 31 Mo. App. 675.

Ramsay, J.—This is a suit for personal injuries. The trial below resulted in a judgment for plaintiff, from which the defendant has appealed to this court.

The petition, after alleging that plaintiff, on the

twenty-fifth day of December, 1884, took passage on one of defendant's trains from Sedalia to Lee's Summit in Missouri, that Lee's Summit was then an established station on defendant's railroad line, where defendant had a depot and platform for the proper reception and discharge of passengers from its train, with other statements, which we deem unnecessary to mention, further alleged : "That when defendant's said train on the said date had reached a point on its said road, within about one-fourth of a mile from said station and depot, the engineer on said train, an agent of defendant, sounded the engine whistle as a signal that said station was near, and that shortly thereafter the train porter of said train, also an agent of defendant, made public announcement, in the coach wherein plaintiff was sitting, that said station was near, which fact plaintiff well knew, whereupon plaintiff made ready to alight from said train, which began slowing up, the air-brakes of said train being set, as plaintiff supposed, to stop said train, as usual, and as it was defendant's duty to do at the said depot of said station of Lee's Summit ; that said train continued to slacken its pace as it approached the depot, until when it reached the depot it was on the point of stopping altogether which the plaintiff supposed it would do, whereupon plaintiff proceeded with all due prudence and care to get out of the car ; that when he reached the car platform he found the train still moving slowly. And plaintiff says that instead of stopping said train at said station, as it was the duty of the defendant to do, defendant by its agents and employes carelessly and negligently passed beyond said depot, which, when plaintiff ascertained, he tried, with due prudence and care, to retrace his steps into the car, at which moment, while plaintiff was turning around to leave the car platform to reënter said car, the defendant negligently, carelessly and recklessly put on a full head of steam, thereby suddenly jerking said train and car on which plaintiff was traveling with such force and speed as to throw plaintiff violently from the car platform, with great force against a fence

and post on defendant's right of way, thereby breaking plaintiff's right arm above the elbow and cutting, wounding and bruising him upon the head and face in a shocking manner, and on account of which injuries plaintiff was obliged to have his said right arm amputated above the elbow, and on account of which injuries plaintiff was subjected to a great deal of suffering both in body and mind, and by which said injuries plaintiff was subjected to a large expenditure of money for doctors' bills and nursing, and is crippled for life," etc.

The answer of defendant was a general denial.

The plaintiff testified that he took passage on the train of defendant, and concerning the accident which occasioned his injuries his evidence was as follows: "When we got within a short distance of Lee's Summit the engine whistle blew for the station, and the porter of the car called out the station Lee's Summit. I could hear the steam under the car putting on the airbrakes; the train slacked its speed; I got ready to get out; I gathered up my things and picked up a small paper box I had with me and put it under my right arm. I was acquainted some at Lee's Summit and I waited a few minutes. There was a good deal of snow on the ground, and it was dark; I did not hear any noise and I thought the train was stopping. I went out on the platform of the car—the front platform. I was thinking that the train was stopping, but I looked up and saw no lights. I stepped down onto the second step of the platform of the car, and I was still in mind that the train was stopping, but I saw it was still in motion. I then turned around to go back into the car. I held myself firmly with my left hand to the car railing, but I was jerked off. I was standing on the second step at the time I turned around to go in, on the same side the depot that Lee's Summit was on. As I started to turn around to go back into the car, the train suddenly jerked ahead, as if steam was suddenly let on, or the car running over a switch, and it jerked me

right off. It threw me up against the post of the cattle-guard at the crossing, about one hundred and fifty yards west of the depot at Lee's Summit. My right arm was all crushed—the bone stuck out through my coat and overcoat. My head was also badly cut and my back hurt ; they amputated my arm the next morning ; the hospital doctors amputated it."

It appears from the evidence that no one saw plaintiff when he was thrown from the train or left it. One, L. T. Newcomb, introduced by plaintiff, testified that he came out of the car immediately in front of the one in which plaintiff rode, that he saw plaintiff for a moment on the platform, but as he, Newcomb, was aiming to, and did alight from the train while it was running through the station, he could give no account of what caused plaintiff's fall. This witness stated that he noticed no jerk or jar of the train, at the point where the accident occurred, but added that he was watching for a place to jump, and that the train might have jerked without his having noticed it.

At the close of plaintiff's evidence, the evidence of the two witnesses mentioned, the defendant asked an instruction in the nature of a demurrer to the evidence, which the court overruled, and defendant excepted.

The evidence introduced by defendant showed that, owing to a mistake made by the engineer in charge of the engine, who was making his first trip west, pulling a passenger train, the train ran past the station at Lee's Summit, the engineer testifying that he thought he was not to stop at that station unless he was flagged by the station agent, after the whistle blew for the station. All of the trainmen testified that the whistle blew for the station, that the speed of the train was checked, and that the notice of the arrival at Lee's Summit was given by the porter in the car where plaintiff was riding. None of defendant's witnesses saw plaintiff leave the car, nor did they know for some time thereafter that he had received injury in attempting to leave the car at that point. The defendant's evidence was in conflict with that of plaintiff's as to the speed of the train in

passing the depot, and as to the jerk or jar spoken of in plaintiff's evidence.

The court instructed on behalf of plaintiff as follows:

"1. If the jury find, from the evidence, that the defendant, on the twenty-fifth day of December, 1884, received the plaintiff upon one of its cars, and undertook to carry him from the city of Sedalia, Missouri, to Lee's Summit, Missouri, then it became the duty of defendant, as a common carrier of passengers, to safely carry the plaintiff to the place of his destination.

"2. If the jury believe and find, from the evidence, that the defendant had an established station on the line of its road at Lee's Summit, with a depot for the reception and discharge of passengers, and that it was and became the duty of defendant to stop the train on which the plaintiff was riding to enable him to get off at said depot, and that the agents and servants of defendant gave the usual and ordinary warning and signals to plaintiff, by which plaintiff was led to believe that said train was nearing said depot and was slacking its speed, and that, by reason of said warning and signal, plaintiff had good reason to believe, and did believe at the time, that said train was about to stop at said depot for the purpose of enabling the plaintiff to depart from said train, and that plaintiff, relying on said warning and signals, proceeded with due care and caution, and without negligence on his part, to get off the car in which he was then riding, for the purpose of alighting from said train, but that defendant, through its agents and servants, so carelessly and negligently ran and managed its said train as to throw plaintiff off the platform of the car in which he was riding, and thereby plaintiff received the injuries complained of, then the jury will find for the plaintiff, and assess his damages in a sum not exceeding twenty-five thousand dollars.

"If the jury find, from the evidence, that the plaintiff is entitled to recover in this action, then they will assess his damages in such sum as they may believe,

from the evidence, he is entitled to, not exceeding the sum of twenty-five thousand dollars, and in estimating said damages they may take into consideration the bodily and mental injuries, if any sustained, the pain undergone and the pecuniary loss through inability to attend to his ordinary business or calling.''

To all of which the defendant excepted, and the court, at defendant's request, gave the following:

"1. The court instructs the jury that while the law makes the plaintiff a competent witness in his own behalf, yet the jury are not bound to attach to his evidence the same weight and credibility as if he was a disinterested witness, but in considering his evidence the jury may consider his interest in the result of the suit, and attach to his evidence such weight and credibility as, under all the facts and circumstances in evidence, they may believe it entitled to.

"2. The court instructs the jury that, under the law of the state of Missouri, the plaintiff was not required to leave his seat in defendant's coach on approaching the depot at Lee's Summit until the defendant's train came to a stand-still at said depot, and that defendant was bound to give him sufficient time to leave his seat and alight from said coach, after the train came to a stand-still at said depot, and that if the jury find, from the evidence, that the plaintiff, on approaching Lee's Summit, left his seat in said coach and went out upon the steps of the platform of said coach while it was running at the rate of from fifteen to thirty miles an hour, and while so standing thereon was, *without the fault or negligence of the defendant*, thrown therefrom and injured, then the jury will find for the defendant.

"3. The court instructs the jury that the fact that a railroad company fails to stop one of its passenger trains at the point of destination of a passenger, does not entitle a passenger to attempt to leave such train when the same is running at the rate of from fifteen to thirty miles per hour, but it is the duty of such passenger to remain on such train until the same does stop at some

other station, when he may call upon such railroad company to pay to him all damages which he has suffered by reason of being carried past the point of his destination. If, therefore, the jury believe from the evidence that the train on which the plaintiff was a passenger did fail to stop at Lee's Summit, the point of his destination, yet that fact gave him no right to attempt to get off the train while the same was in rapid motion, and if the jury believe that the plaintiff, in attempting to leave said train while the same was running at the rate of from fifteen to thirty miles per hour, was thrown or fell therefrom and was injured, then the jury will find for the defendant, although you may further find that at the time he fell or was thrown from the car, he had abandoned such attempt to leave the train, and was trying to return to the coach in which he had been riding.

"4. The court instructs the jury that if they believe and find from the evidence that plaintiff jumped or stepped off of defendant's train of cars, while the same was running at the rate of from fifteen to thirty miles an hour, in order to avoid being carried past his station, and was injured thereby, then he cannot recover herein, and the jury will find for the defendant.

"5. The court instructs the jury that it devolves upon the plaintiff to establish his case to the reasonable satisfaction of the jury by a preponderance of the evidence, and unless the jury find that he has so established it, they will find for the defendant."

All of which were given as asked except the second, which was modified by the court adding the words in italics.

The first error complained of by counsel for defendant is the court's refusal to sustain the demurrer to plaintiff's evidence. It is claimed that plaintiff's evidence showed that he was guilty of such contributory negligence as ought to have precluded a recovery.

As a general rule in this state, contributory negligence, to be available as a defense, must be pleaded.

*Thompson v. Railroad*, 51 Mo. 190; *Donovan v. Railroad*, 89 Mo. 147. It is true that the supreme court of this state, in *Milburn v. Railroad*, 86 Mo. 104, held that where, in an action founded on the negligence of defendant, plaintiff's evidence shows that his own negligence directly contributed to produce the injury, he disproves the case alleged, and cannot recover, notwithstanding such contributory negligence is not pleaded. Yet it should not be understood that in all cases where there may be evidence tending to show contributory negligence such defense may be raised at the trial though not set up in the answer. To be thus utilized on the trial, the contributory negligence shown in plaintiff's evidence should be so clear and flagrant as to disprove the cause of action stated in the petition. If it falls short of this, and remains a question of fact, which might be decided either way, then we have little doubt that it should be pleaded to be available as a defense. *Brown v. Railroad*, 31 Mo. App. 675; *Thorpe v. Railroad*, 89 Mo. 650; *Petty v. Railroad*, 88 Mo. 306; *Craine v. Railroad*, 87 Mo. 588; *Taylor v. Railroad*, 26 Mo. App. 336; *St. Clair v. Railroad*, 29 Mo. App. 76. It is difficult to see what act or acts of plaintiff in this case could be imputed to him as negligence. He was a passenger to Lee's Summit and expected to get off there, the whistle was blown for this station, the train began to check, and the porter passed through the car and announced the station. There certainly was nothing careless or unreasonable in the conduct of plaintiff, in preparing to get off the train. While he might have remained in his seat until the train came to a stand-still at the depot, his approaching the door and platform in the manner stated in his evidence certainly was not such contributory negligence as to disprove the cause of action stated in his petition. He evidently expected to alight from the train. When he got on to the platform, he says, he saw no lights. It was dark. He stepped down onto one of the steps and saw from the lights in town that the train was moving. He then turned to enter the car when by the sudden jerk of the

car he was thrown from the train and injured. The plaintiff's evidence, if worthy of credit, tended to establish the allegations of his petition. Had he testified that on reaching the platform of the car he discovered that the train was running at nearly full speed, that it was dark, but that notwithstanding which, he concluded to risk jumping from the train and did so, a different case would have been presented. The only evidence tending to show such facts was introduced by the defendant in showing the rate of speed the train was running and that the print where a boot-heel had struck the ground by the side of the track and about eleven feet from the spot where plaintiff's body struck the ground was discovered next day. The court could not sustain a demurrer to the plaintiff's cause predicated upon defendant's evidence. The force of this evidence and the credibility of the witnesses must go to the jury. *St. Clair v. Railroad, supra; Wood v. Ins. Co.*, 50 Mo. 112; *Herriman v. Railroad*, 27 Mo. App. 443. In the absence of the plea of contributory negligence in the answer, defendant's instruction number four directly submitted this question to the jury, and the defendant is in no condition to complain of the court's action in that regard.

In our opinion, the case at bar does not fall within the spirit and object of section 800 of the Revised Statutes, 1879. It cannot be reasonably claimed that the plaintiff was riding or remaining on the platform of the car in the sense condemned in this statute. As before suggested, he was induced to go there to alight from the train, by the conduct of defendant's agents and servants. The whistle signaled the station, the train checked, the porter announced the station—what might have been reasonably expected of a passenger expecting to leave the train at that point?

"When the defendant, by his own negligent or wrongful acts or omissions, throws plaintiff off his guard, or when the plaintiff acts in a given instance upon a reasonable supposition of safety induced by the defendant,

when there is, in reality, danger to which plaintiff is exposing himself in a way and to an extent which, but for defendant's inducement, might be imputed to plaintiff as negligence, sufficient to prevent a recovery, such conduct on the part of plaintiff so induced, will not constitute contributory negligence in law, and the defendant will not be heard to say that the plaintiff's conduct under such circumstances is negligent for the purpose of a defense to the action." Beach on Con. Neg. sec. 23, p. 71 ; *McGee v. Railroad*, 92 Mo. 208.

It is also claimed that plaintiff's second instruction enlarged the issue presented by the pleadings. The petition states that "defendant * * * carelessly and negligently passed beyond said depot, which, when plaintiff ascertained, he tried, with due care, to retrace his steps into the car, at which moment * * * the defendant negligently, carelessly and recklessly put on a full head of steam, thereby suddenly jerking said train and car on which plaintiff was traveling with such force and speed as to throw plaintiff," etc. The language of the instruction complained of is, "but that defendant, through its agents and servants, so carelessly and negligently ran and managed its said train as to throw plaintiff off the platform of the car," etc. The evidence introduced and relied upon by plaintiff was confined strictly within the limits of the allegations of his petition. It was the management of the train at the place where the injury occurred and in passing the depot that was complained of. The instruction, we think, did not go beyond this. While it did not follow the exact wording of the petition, under the evidence, limited as it was, it certainly presented no issue outside of the pleadings. The case is unlike that of *Waldhier v. Railroad*, 71 Mo. 514, and similar cases cited by counsel for defendant, where one cause of action was stated in petition, and an entirely different cause was submitted in the instructions.

The petition contained all, if not more than the instructions contained and it follows that it is not a case of declaring upon one cause of action and recovering

upon another.   *Conway v. Reed*,  66 Mo. 355; *Owen v. Railroad*, 95 Mo. 169.

It is urged here that the trial court erred in modifying the defendant's second instruction by adding the words, "without the fault or negligence of defendant." Even if there was merit in this argument, as the defend- ant failed to specifically call the attention of the court below to it in the motion for a new trial, we are pre- cluded from a consideration of it. *Bollinger v. Carrier*, 79 Mo. 318; *State ex rel. v. Burckhartt*, 83 Mo. 430; *Hubbard v. Quissenberry*, *post*, p. 459.

From the most careful consideration we have been able to give to the points raised by the learned counsel we find no error. The plaintiff's case, in a great meas- ure, depended upon his own evidence, which was in con- flict with defendant's evidence upon one or two of the material points. This court, however, does not weigh the evidence—that is left to the trial court and the jury. The cause was fairly presented to the jury. The instruc- tions on behalf of defendant were very favorable.

The judgment of the lower court is therefore affirmed. All concur.