FREDERICK W. SCHEIBER v. CHICAGO, ST. PAUL, MINNEAPOLIS
& OMAHA RAILWAY COMPANY.[1]

June 28, 1895.

Nos. 9429—(188).

**Railway—Contributory Negligence—Standing on Steps.**

The plaintiff was a passenger upon the defendant's railway train, oper-
ated by steam; and, as it was approaching the station at a dangerous
rate of speed, he went, in anticipation of its stopping, and for the pur-
pose of being ready to get off when it should stop, upon the platform of
the car, and stood upon the steps thereof, and was thrown therefrom by
a sudden jerk of the train, which, instead of stopping, increased its speed
when opposite to the station. There was no evidence of any necessity
for him to assume such position, or invitation, express or implied, by the
defendant's agents in charge of the train for him to do so. *Held*, that
he was guilty of contributory negligence, as a matter of law.

Appeal by plaintiff from an order of the district court for Ramsey
county, Kelly, J., denying a motion for a new trial. Affirmed.

*J. L. Macdonald*, for appellant.

*Thomas Wilson* and *S. L. Perrin*, for respondent.

START, C. J.[2] This is a personal injury case, wherein the
plaintiff seeks to recover for injuries sustained by him by reason of
the alleged negligence of defendant in the management of its rail-
way train upon which he was a passenger. The trial court, at
the close of the evidence, instructed the jury to return a verdict
for the defendant, and it was so returned. To this instruction the
plaintiff excepted, and from an order denying his motion for a new
trial he prosecutes this appeal.

Under the evidence, the question of the defendant's negligence
in the premises was one of fact for the jury, and the instruction
of the trial court can be justified only upon the ground that, under
the undisputed evidence, the question of the plaintiff's contributory
negligence was one of law for the court. Where the facts as to
the negligence of a party are undisputed or conclusively proved,
and there is no reasonable basis for drawing different conclusions

[1] Reported in 63 N. W. 1034.          [2] Buck, J., took no part.

from them, the question is one of law for the court. It is not sufficient that the facts are admitted, for the decisive test is whether or not fair-minded men could honestly and reasonably differ as to the inferences to be drawn from the admitted facts. Abbett v. Chicago, M. & St. P. Ry. Co., 30 Minn. 482, 16 N. W. 266.

This rule must be applied in practice with caution, lest the courts usurp the functions of the jury, and unwittingly deprive a party of his constitutional right to a trial by jury; and, if there is a fair doubt as to the inferences to be drawn from an admitted state of facts, the question must be submitted to the jury; but, in the absence of such fair doubt, it is equally the duty of the court to decide the question as one of law, and instruct the jury accordingly.

We have examined the evidence in this case in the light of this rule and caution, and have reached the conclusion that the only reasonable inference to be drawn from the undisputed facts is that the plaintiff was himself guilty of contributory negligence, and that the jury were properly directed to return a verdict for the defendant.

The plaintiff's own statement as to how he was injured is substantially as follows: On June 7, 1893, he was a passenger on the defendant's railway train, which was operated by steam, from the Union Depot in St. Paul to its East Seventh street station in such city. He had been accustomed to ride on this train daily for 5 days in each week for 18 months next before he was injured. During this time the train always made a very brief stop at the last-named station, which was near his home, and where he was accustomed to alight from the train. On the day named, as the train approached the station, he noticed that it was going very fast, faster than it generally did; and, when it came within perhaps two car lengths of the station, steam was shut off, and he was led to believe that the train was going to stop; so he got up, went upon the platform of the car, and got upon the steps, when the train was nearly opposite the depot, so as to be ready to step off from the train when it stopped. Instead of the train stopping, steam was suddenly put on, the train gave a jerk, and he was thrown from the train, and seriously injured. He further stated that the train was running faster than usual, about 30 miles an hour, until it

slacked up. When he went out on the platform, it was running, according to his judgment, about 20 miles an hour, and he went down the steps of the car, and stood on the lower step, with his back to the station, with his hands hold of the guard rails. While so standing, the speed of the train was suddenly increased, and he was thrown off.

From other evidence in the case it appears that the train was running from 15 to 25 miles per hour, and that the number of passengers getting off from this train daily at this station was from three to five, and that the train always stopped to let them off; but the stop was very brief, just long enough to let them off,— ordinarily, from 30 seconds to a minute and a half. There is no evidence in the case that the train was accustomed to start up before the passengers were off, or that it was customary for them to be on the platform of the car, ready to get off, when the train stopped, or that there was any necessity for them to do so, or that the defendant ever directly or indirectly invited or directed them to do so; on the contrary, the defendant kept posted up at each end of the car in which the plaintiff was riding the words, "Passengers must keep off the platform until the train stops."

It is not negligence per se for a passenger in a railway car, as it approaches a station, to leave his seat, and go to the door of the car, in order to alight when it stops; neither is it such negligence, under all circumstances, for him to ride on the platform, or go upon it before the car stops for the purpose of getting off when it does stop, for there may be cases where, from necessity or the express or implied invitation of those in charge of the train, a prudent man would do so, but, in the absence of such facts, it is such negligence. It is true, as claimed by his counsel, the plaintiff had a right to rely upon the uniform custom of the defendant to stop the train at this station, and to assume that it would do so on the occasion in question, but he was also bound to assume that, if the train did stop, the law would be complied with, and the train stop long enough to afford him and other passengers a reasonable opportunity to alight in safety after it came to a full stop. Taking the most favorable view of the plaintiff's own evidence for him, it is apparent that there was no necessity for him to expose himself to danger, as he did. There was neither necessity nor invitation,

direct or·implied, by the defendant, to justify him in standing upon the steps of a car which was approaching the station at a danger-ous rate of speed. His action was in violation of the express posted prohibition of the defendant, which must have been known to him. The only inference that can be drawn from the admitted facts is that he was guilty of negligence contributing to his in-jury. That this is so does not admit of a fair doubt, and the di-rection of the trial court to the jury to return a verdict for the de-fendant was correct.

Order affirmed.