[L. A. No. 2705.  In Bank.—September 26, 1911.]

## GEORGE M. PRUITT, Respondent, v. SAN PEDRO, LOS ANGELES AND SALT LAKE RAILROAD COMPANY (a Corporation), Appellant.

RAILROAD — NEGLIGENCE — RIDING UPON PLATFORM—SECTIONS 483 AND 484 OF CIVIL CODE.—The apparent purpose of sections 483 and 484 of the Civil Code is to absolve railroad companies from liability for injury to passengers who were *riding* upon the platform of a car, in violation of the posted rules, provided there were seats furnished for them to occupy, inside the car. It cannot be presumed, as the intent of the section, that if a passenger goes upon the platform of a car, and is injured while there, the railroad company may by the posting of a rule, absolve itself from liability, whatever the circumstances, purposes, motive, or reason which induced him to go, provided the train was in motion at the time, and regardless of the cause of the injury.

ID.—BEING UPON PLATFORM WHEN NOT UNLAWFUL.—If a passenger voluntarily goes upon the platform solely for the purpose of *riding* there, notwithstanding accommodations are provided for him within the car, the trial court would be justified in instructing the jury as a matter of law that the railroad company is not liable, because the passenger has violated its rules. But where the question of the necessity of a passenger going upon the platform is involved, as where he is seeking to protect himself against an anticipated or threatened injury, or there is an invitation, either implied or express, by the company to do that which requires that he go upon the platform, while the train is in motion, it cannot be said that the going upon the platform is a violation of the rule, or within the meaning and intent of the law.

ID.—NECESSITY OF BEING ON PLATFORM—QUESTION FOR JURY.—Under such circumstances, the question whether it is necessary, or there is

such an invitation from the railroad company as to constitute a waiver of the violation of its posted rules, or to estop it from taking advantage of such violation, is a mixed one of law and fact, and should be submitted to the jury under appropriate instructions.

ID.—TRAIN APPROACHING STATION—STANDING ON PLATFORM IN ANTICIPA-
TION OF LEAVING TRAIN.—Whether a passenger is negligent or not in leaving his seat and approaching towards the platform, or in standing on the platform of a train while it is in motion, in violation of the rules of the company, after the station at which he intends to leave the train has been announced and the train is approaching, is a question of fact for the jury. An instruction that such conduct on the part of the passenger, who was injured while so standing on the platform, relieved the railroad company from liability, under the provisions of sections 483 and 484 of the Civil Code, is erroneous.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

W. R. Kelly, A. S. Halsted, and S. M. Johnstone, for Appellant.

Drew Pruitt, W. O. Morton, and Morton, Pruitt & Goodrich, for Respondent.

LORIGAN, J.—This appeal, originally before the district court of appeal for the second appellate district, resulted in a judgment affirming the order of the superior court granting the plaintiff a new trial after verdict and judgment against him.

A petition for rehearing in this court was thereafter granted.

The opinion of the district court of appeal, written by the late Justice Taggart, is as follows:—

"Action by father to recover damages for loss of sixteen-year-old son who died from injuries sustained by the derailment of one of defendant's trains while the son was a passenger thereon. Verdict and judgment were for defendant, and a motion by plaintiff for a new trial was granted. This appeal is by defendant from the order of the superior court granting a new trial.

"Defendant is a common carrier of passengers operating a line of railroad between San Pedro, California, and Salt

Lake, Utah, via the cities of Los Angeles and Pomona, California. On the morning of March 3, 1907, Walter C. Pruitt, the son of plaintiff, purchased a ticket from defendant and became a passenger upon one of its regular trains from Pomona to Los Angeles. He rode in the smoking car until within the city limits and near Seventh Street of Los Angeles city, at which point he and a companion by the name of Thomas went upon the front platform of the smoker next to the baggage car. At or about the time they did so the train ran into an open switch and was derailed and wrecked. The engine was overturned and the baggage car wrenched from between the smoker and the engine so that the front end and platform of the smoker came into collision with the engine, and Pruitt and his companion were both thrown about the platform and injured, and so scalded by the steam escaping from the boiler of the engine that they died in a few hours. There was some conflict in the evidence as to whether or not the young men had reached the platform at the time of the accident, but the jury found in response to a special interrogatory submitted to them that Pruitt was upon the platform, and this is sustained by evidence.

"It appears from a stipulation, read in evidence, that prior to the accident and just before reaching Seventh Street the train was running at a speed of thirty five to forty miles an hour; that the train whistle blew, the Fourth Street station was announced by the conductor, and the speed was reduced to about twenty five miles per hour when the accident occurred. That the distance from Seventh Street to Fourth Street station is twenty five hundred feet. That the train was going to stop at the Fourth Street station; and that after the whistle blew, and the station was announced and the train had slackened its speed, Pruitt and Thomas arose from the seat in which they were riding, which was the fourth from the front door of the car, and stated in the hearing of passengers in the car that they were going to get off at Fourth Street station. That at least half a dozen other passengers in the same car, who intended to leave the train at that station, arose simultaneously with Pruitt and Thomas from their respective seats and were making preparation to leave the car. None of the passengers except Pruitt and Thomas left the inside of the car; or were scalded or bruised or seriously injured, or

injured at all, except a few slightly. The smoking car left the rails but was not overturned or wrecked or injured to any material extent. That there was conspicuously posted on both ends of, and inside of each and every car, the printed rules and regulations of defendant, regarding the conduct of passengers, in plain, conspicuous type, among which rules was the following: 'Notice to passengers. (1st) Passengers are not allowed to ride on the engine, or on the baggage, mail or express cars, or on platform or steps of cars, and are required to remain in their seats while train is in motion, and at all times to keep their heads and arms inside of the car windows.' At all the times mentioned there were vacant seats in the car that Pruitt and Thomas might have occupied if they had so desired.

"Acting upon the theory that, if it were shown that Pruitt was injured on the platform of the car in violation of the printed regulation so posted, under the provisions of sections 483 and 484 of the Civil Code, the corporation defendant was not liable for damages for the injuries sustained by him, the trial court advised the jury that there was but one thing for them to consider: 'That is whether or not Walter C. Pruitt, the deceased, was on the platform at the time of the accident'; and in accordance with this view instructed them: 'If you believe from the testimony that he was, then the plaintiff cannot recover.' It was the contention of plaintiff that it is not the intent and purpose of the sections of the code mentioned. to require that a passenger remain quietly in his seat in a railroad car until the train comes to a full·stop at the station before arising and preparing to go out of the car, and he requested the court to give to the jury certain instructions framed upon the theory that, whether or not Pruitt was negligent in going upon the platform after the whistle blew, the station had been announced, and the speed of the train had slackened, was to be determined by the jury as a question of fact. These instructions the trial court refused to give.

"Another instruction given by the court advised the jury that: 'The deceased had a right to presume that the train upon which he was riding would stop long enough at the Fourth Street station to enable him and the other passengers to alight after the train should come to a stop. He was not required to and should not, before the train came to a stop, go

upon the platform to be ready to get off when it did stop.'
This instruction embodies a literal application of section
484, when taken alone. In reaching the true intent and pur-
pose of the law these two sections, 483 and 484, must be
construed together.   As originally enacted, section 483 was
in the form of a proviso to a section of an act, of which sec-
tion 484 was the principal clause, entitled: 'Act to provide
for incorporation of railroads and the managment thereof,'
etc.   (Stats. 1861, sec. 48, p. 625.)   The apparent purpose
of this section (48), and of the sections of the code (483 and
484), was to absolve railroad companies from liability for
injury to passengers who were *riding* upon the platform in
violation of the posted rules, provided there were seats fur-
nished for them to occupy, inside the car, but it cannot be
presumed in the face of the commonly-known habits of the
traveling public, and the conveniences arranged for travelers
by the railroads in this state, that it was intended thereby to
say, as the last mentioned instruction, in effect, says, that if
a passenger goes upon the platform of a car, and is injured
while there, the railroad company may by the posting of such
a rule absolve itself from liability, whatever the circumstances,
purpose, motive, or reason which induced him to go, provided
the train was in motion at the time, and regardless of the
cause of the injury.

"If a passenger voluntarily goes upon the platform solely
for the purpose of *riding* there, notwithstanding accommoda-
tions are provided for him within the car, the intent of the
law would no doubt justify a trial court in instructing the
jury as a matter of law that the railroad company is not
liable, because the passenger has violated its rules. But where
the question of the necessity of a passenger going upon the
platform is involved, as, for instance, where he is seeking
to protect himself against an anticipated or threatened in-
jury, or there is an invitation, either implied or express, by
the company to do that which requires that he go upon the
platform, while the train is in motion; for example, to move
from one car to another in order to smoke at the place or
in the car provided for that purpose; or to go to the dining
car for the purpose of eating; or, where the train stops at a
way or flag station and the time to get off is limited and
he is asked, or beckoned to, by the conductor to come to the

CLXI Cal.—2

platform so that he will be ready to get off with the least possible delay to the train, it can hardly be said that the going upon the platform is a violation of the rule or within the meaning and intent of the law. Under such circumstances, the question whether it is necessary, or there is such an invitation from the railroad company as to constitute a waiver of the violation of its posted rules, or to estop it from taking advantage of such violation, is a mixed one of law and fact and should be submitted to the jury under appropriate instructions.

"That the case before us is among the last-mentioned classes is held by United States circuit court of appeals for the ninth circuit in the case of *Thomas* v. *San Pedro etc. Co.*, 170 Fed. 129, [95 C. C. A. 371], wherein the question of law before the U. S. court was the same as that now before us, and arose upon the facts attending the injuries and death of Thomas, the companion of Pruitt, caused by the same accident; the two cases being identical in the respect here considered. The court in the Thomas case reviews quite a number of decisions from other jurisdictions, but rests its conclusion upon a construction of sections 483 and 484 of the Civil Code made by the supreme court of this state in *Mitchell* v. *Southern Pacific R. R. Co.*, 87 Cal. 62, [11 L. R. A. 130, 25 Pac. 245].

"The sounding of the whistle, the announcement of the station, the reduction of speed, the nearness of approach to the station, the length of time ordinarily given for passengers to leave the train at this station, the number of passengers who expect to alight, etc., were all facts to be considered in determining whether there was such an invitation as released the deceased from his obligation to obey the rules and regulations relating to remaining in his seat while the train was in motion. They were to be considered in determining whether Pruitt acted with ordinary prudence in preparing to get off the train. What constitutes ordinary prudence is always a matter of relative significance. The special circumstances and surroundings of each case are to be noted and the conduct of the parties tested by the standard of what would be the conduct of a reasonably prudent man under a similar state of affairs. If the state of facts is such that all reasonable minds must draw the same conclusion therefrom, the court may say as a matter of law that contributory negligence has been

established; but if reasonable men may fairly differ in such conclusion, the question of contributory negligence is one of fact for the jury, and this whether the facts be conflicting or undisputed. (*Johnson* v. *Southern Pacific R. R. Co.,* 154 Cal. 285, 295, [97 Pac. 520].)

"While a difference may be recognized between this case and one in which the ordinary question of contributory negligence is involved, because of the application of the provisions of section 484, nevertheless, the invitational character of the acts of the defendant, and their relation to its responsibility, are all matters affecting the question of the contributory negligence of the deceased and determinable in the same manner. The New York court of appeals, in the case of *Buel* v. *New York Cent. R. R. Co.,* 31 N. Y. 319, [88 Am. Dec. 271] (a case approved by our supreme court in *Mitchell* v. *Southern Pacific Co.*), says: 'The statute was intended to prevent the imprudent act of standing or riding on the platform, but not to absolve railroad companies from responsibility for every injury which might happen at that place, when a passenger is passing over it, while justifiably entering or leaving the car.' So it is said in the Thomas case: 'It is also usual for passengers to prepare to leave their car before the train reaches the station at the place of destination, and they are permitted to proceed towards and sometimes upon the platform of the car for that purpose while the train is still in motion. It is therefore manifest that this rule is subject to the qualification that a passenger may leave his seat in a car while the train is in motion and go upon the platform of the car if under all the circumstances such action is prudent and careful, and whether it is so or not is a question of fact for the jury.' "

This decision of the district court reaches what we deem to be the proper construction to be given to sections 483 and 484 of the Civil Code. In its opinion the district court refers only to the cases of *Mitchell* v. *Southern Pacific Railroad Co.,* 87 Cal. 62, [11 L. R. A. 130, 25 Pac. 245], and the case of *Buell* v. *New York Central R. R. Co.,* 31 N. Y. 319, [88 Am. Dec. 271], cited therein, and *Thomas* v. *San Pedro etc. Co.,* 170 Fed. 129, [95 C. C. A. 371], in support of its conclusion, and it is earnestly insisted by appellant that the Mitchell case (which he claims should control the question in this state) not only does not sustain the contention of the district

court of appeal, but on the contrary is opposed to it, as is
the weight of authority elsewhere. In the case here at bar
the superior court refused to instruct the jury, at the request
of plaintiff that it was for them to determine as a question of
fact whether, under the circumstances attending his going upon
the platform contrary to the rules of the company, the de-
ceased was or was not guilty of contributory negligence. On
the contrary the court instructed them that the only question
to be considered by them was whether, when the accident
occurred, the defendant was or was not on the platform, and
if they found he was plaintiff could not recover. The right
of the plaintiff to have the jury thus pass upon the question
of negligence as a question of fact was denied, and the court
by refusing on the one hand to instruct the jury as requested
by plaintiff, and in giving on the other hand the instruction
asked by defendant, took that question from them and de-
cided, as matter of law, that if the deceased was on the plat-
form when the accident occurred, under the circumstances dis-
closed by the evidence, it constituted negligence *per se* which
precluded a recovery by plaintiff.

Appellant claims that this view of the court and the in-
struction so given to the jury in harmony with it are supported
by the Mitchell case referred to above; that under that au-
thority the conduct of the deceased in this case in going upon
the platform to be ready to alight from the train when it
stopped at the station, was unnecessary and in violation of the
rules and therefore *per se* negligence.

But there is nothing in the Mitchell case upon which any
such claim can be based. In that case the train on which
plaintiff was injured, in running down a heavy grade on a
new and curved track was derailed and plaintiff injured.
When the train began to descend the grade plaintiff was in
the smoking car, but had left it and was on the platform when
the accident occurred. He testified that the steepness of the
grade and unusual speed at which the train was descending
it, in connection with the fact that the road was new and
temporary, led him to believe that an accident would occur;
that he left the smoking car and went out on the platform
intending to jump therefrom to the sand on the inside of
the curve, whereby he would escape with less injury than if
he remained on the car, but that he had no sooner got to the

platform than the car was overturned and he was thrown to the ground and injured. The defendant offered evidence tending to show that plaintiff had been on the platform some minutes before the accident occurred, and on the theory of this defense the court instructed the jury as to contributory negligence. Plaintiff obtained a verdict. On appeal the instructions given on the trial were brought under review.

One instruction was: "If you find from the evidence that at the time plaintiff left his seat in the smoking car there was no imminent peril of life or limb and no apparent danger, but that such imminent peril of life or limb or apparent danger arose after plaintiff took his position on the platform of the car, then plaintiff cannot recover and your verdict must be for the defendant."

This court approved this instruction, and it is from such approval that appellant insists that the views and instruction of the trial court were correct; that as the deceased was on the platform for the purpose only of alighting from the train when it reached the station, he was voluntarily and unnecessarily there in violation of the rules of the company, and that the trial court properly instructed the jury to that effect as matter of law. Undoubtedly, as under the facts stated in this instruction in the Mitchell case, where a passenger, while the train is in motion, is riding upon a platform thereof at his own volition, and without any necessity, real or apparent, for being there, this will constitute contributory negligence as a matter of law. And if the deceased in the case here was upon the platform under such circumstances, as matter of law he was guilty of contributory negligence. This would follow, of course, because all reasonable minds under such circumstances could only reach one conclusion—that of negligence. But where, as pointed out and discussed in the above opinion of the district court of appeal, the facts and circumstances surrounding and accompanying the act of the deceased in going upon the platform are such that reasonable men might differ upon the question whether his presence there constituted contributory negligence or not, a question of fact is presented to be determined by the jury under proper instructions.

In the Mitchell case itself the question whether Mitchell, in being upon the platform at the time the accident occurred, was or was not guilty of contributory negligence was submitted

to the jury as a question of fact. In addition to the instruction above quoted the court, among other instructions, in the Mitchell case, gave the following: "If you believe that plaintiff went upon the platform under reasonable apprehension of a derailment of the train and for the purpose of jumping off in case of an accident, and while there for that purpose was injured by the overturning of the car, I instruct you that his being on the paltform under these circumstances was not riding or standing on the platform within the meaning of the rule which prohibits such riding or standing."

The court further instructed them: "If the danger of overturning was imminent, and the plaintiff acting upon the instinct of self-preservation placed himself in the position which appeared to him, as a reasonable man, to be most safe, and make such choice as a person of ordinary prudence and care, placed in the same situation, might have made, this does not constitute negligence on the part of the plaintiff. The peril of remaining in the car or going upon the platform is to be judged by the circumstances as they then appeared, and not by the result."

These instructions were also approved.

It will be observed from these instructions that no rule is laid down in the Mitchell case that the presence of a passenger on the platform, in violation of the rules of the company, constitutes of itself contributory negligence, but, on the contrary, that whether he was acting with ordinary care and prudence, or was negligent in going on the platform, was to be determined by a consideration of all the facts and circumstances attending his being there. The Mitchell case recognizes that the rules of the company, posted in compliance with the Civil Code sections, are not absolute and inflexible, but are subject to the qualification as declared in the above opinion of the district court of appeal, and whether one is or is not guilty of contributory negligence in going upon the platform of a car while it is in motion, in violation of the rules of the company, depends upon the circumstances of the particular case, and is to be determined by a consideration of whether under all the circumstances his conduct in doing so was prudent and careful, and whether it was or was not is a question to be submitted to the jury under proper instructions from the court.

Whether a passenger is negligent or not in leaving his seat and approaching towards the platform, or is actually on the platform of a train while it is in motion, in violation of the rules and regulations of the company, after the station at which he intends to leave the train has been announced and the train is approaching, is held in the following cases to be a question of fact for the jury: *Schultze* v. *Missouri Pac. Ry. Co.,* 32 Mo. App. 438; *Scheiber* v. *Chicago, St. P. & O. Ry. Co.,* 61 Minn. 499, [63 N. W. 1034] ; *Barden* v. *Boston, Clinton & Fitchburg R. R. Co.,* 121 Mass. 426; *Newton* v. *Central V. R. R. Co.,* 80 Hun, 491, [30 N. Y. Supp. 488] ; *Balt. & O. Ry. Co.* v. *Meyers,* 62 Fed. 367, [10 C. C. A. 485] ; *Thomas* v. *San Pedro, L. A. & S. L. R. Co.,* 170 Fed. 129, [95 C. C. A. 371] ; *Wylde* v. *Northern R. R. Co.,* 53 N. Y. 156; *Romine* v. *Evansville etc. R. R. Co.,* 24 Ind. App. 230, [56 N. E. 245] ; *Lane* v. *Spokane Falls & N. R. Co.,* 21 Wash. 119, [75 Am. St. Rep. 821, 46 L. R. A. 153, 57 Pac. 367].

In *Schultze* v. *Missouri Pac. Ry. Co.* 32 Mo. App. 438, the facts were practically the same as here and the statute of Missouri under consideration there similar to our section 484 of the Civil Code. In that case the engine whistle blew, the porter announced the station where the plaintiff, a passenger, was to get off, and the train slackened its speed. Plaintiff went to the platform and stepped down on the steps, thinking the train was stopping. Discovering that it was not, he started to go back into the car, and a sudden jerk of the train threw him off, injuring him. This being substantially all the evidence the defendant, at the close of the case of plaintiff, moved for an instruction in the nature of a demurrer to the evidence, which was denied. Plaintiff had judgment and on appeal defendant raised as error the denial of its motion for an instruction. In passing on this question the court said: "It is difficult to see what act or acts of plaintiff in this case could be imputed to him as negligence. He was a passenger to Lee's Summit and expected to get off there; the whistle was blown for this station, the train began to check, and the porter passed through the car and announced the station. There certainly was nothing careless or unreasonable in the conduct of plaintiff in preparing to get off the train. While he might have remained in his seat until the train came to a standstill at the depot, his approaching the door and platform

in the manner stated in his evidence certainly was not such contributory negligence as to disprove the cause of action stated in his petition. He evidently expected to alight from the train." . . . In our opinion the case at bar does not fall within the spirit and object of section 800 of the Revised Statutes of 1879. It cannot be reasonably claimed that the plaintiff was riding or remaining on the platform of the car in the sense condemned in this statute. As before suggested, he was induced to go there to alight from the train by the conduct of defendant's agents and servants. The whistle signaled the station, the train checked, the porter announced the station—what might have been reasonably expected of a passenger expecting to leave the train at that point? . . . The defendant will not be heard to say that the plaintiff's conduct under such circumstances is negligent for the purpose of a defense to the action."

In *Scheiber* v. *Chicago, St. P. M. & O. Ry. Co.*, 61 Minn. 499, [63 N. W. 1034], the Minnesota court said: "It is not negligence *per se* for a passenger in a railway car, as it approaches a station, to leave his seat and go to the door of the car in order to alight when it stops; neither is it such negligence, under all circumstances, for him to ride on the platform, or go upon it before the car stops for the purpose of getting off when it does stop, for there may be cases where from necessity, or by the express or implied invitation of those in charge of the train, a prudent man would do so; but in the absence of such facts it is such negligence."

In *Thomas* v. *San Pedro, L. A. & S. L. Ry. Co.*, 170 Fed. 129, [95 C. C. A. 371], the facts were identical with those here. In fact Pruitt and Thomas were fellow passengers on the train of defendant, left their seats together and started for the platform with the intention of alighting at the station which was their destination when they were both so badly injured as to cause their death. The same attorneys who represent the respective parties in this case were also attorneys in the Thomas case. In that case the circuit court before which it was tried granted the motion of defendant for a nonsuit, the court deciding as matter of law that deceased Thomas was guilty of contributory negligence in going on the platform of the car while in motion in violation of the rules and regulations of defendant. The circuit court of

appeals in reversing the judgment went into a full examination of the authorities on both sides (practically the same as are cited here), quoted from them, and pointed out that the cases relied on by appellant here and cited there were clearly distinguishable in their facts from those presented in the case at bar, and holding that under the same facts presented there, and which are involved here, it could not be said in view of the authorities that the conduct of the deceased in going upon the platform was so reckless or negligent as to make the question of his contributory negligence one of law; that it was a question upon which reasonable minds may differ, and therefore a question of fact to be determined by the jury under proper instructions.

The order granting a new trial is affirmed.

Shaw, J., Angellotti, J., Sloss, J., Melvin, J., and Henshaw, J., concurred.

BEATTY, C. J., dissenting.—I dissent.  Section 484 of the Civil Code reads as follows:  "Every railroad corporation must have printed and conspicuously posted on the inside of its passenger-cars its rules and regulations regarding fare and conduct of its passengers; and in case any passenger is injured on or from the platform of a car, or on any baggage, wood, gravel, or freight car, in violation of such printed regulations, or in violation of positive verbal instructions or injunctions given to such passenger in person by any officer of the train, the corporation is not responsible for damages for such injuries, unless the corporation failed to comply with the provisions of the preceding section."  It is then a positive · law of this state, to which we are bound to give effect, that in case any passenger is injured on or from the platform of a car in violation of the printed and conspicuously posted regulations of the company, the company is not responsible in damages for such injury.  It is admitted that among the printed and conspicuously posted regulations of this company was the following:  "Notice to passengers.  (1st)  Passengers are not allowed to ride on the engine, or on the baggage, mail or express cars, *or on the platform or steps of cars, and are required to remain in their seats while the train is in motion."* That this is a salutary rule, and that its observance would

have saved the life of plaintiff's son is proved by the fact that he and his companion alone of all the passengers on the train, were seriously injured by the accident which cost them their lives, and this solely by reason of the fact that they *had left their seats and gone upon the platform* of their car while the train was moving at the rate of twenty-five miles an hour. Such being the case it is not what was decided or left undecided in *Mitchell* v. *Southern Pacific Railroad Co.,* 87 Cal. 62, [11 L. R. A. 130, 25 Pac. 245], that bars a recovery of damages, but it is the positive terms of a statute which, in my opinion, is not subject to the qualifications and exception which are imposed upon it by the opinion of the court.