[Civ. No. 23093.   First Dist., Div. Two.   Mar. 21, 1967.]

SAN JOSE AUTOCAR WHITE CO., INC., Plaintiff and Respondent, v. JON C. WILLIAMSON, Defendant and Appellant.

Hugh L. Smith, Jr., for Defendant and Appellant.

Robertson & Hand and Peter E. Salo for Plaintiff and Respondent.

AGEE, Acting P. J.—Under conditional sale contracts executed on January 13, 1962 and June 8, 1962, respectively, San Jose Autocar White Company, Inc., plaintiff herein, sold two White 2-axle tractor-trucks to H. S. Earls and Louise M. Earls, his wife, to be used in their trucking business.

Defendant, who is the nephew of H. S. Earls, guaranteed the installment payments called for by the contracts. When the vendees defaulted, plaintiff repossessed and sold the tractors. Then, based upon defendant's written guarantee, it recovered the deficiency judgment from which defendant has appealed.

Defendant's denial of liability is based upon alleged violations of the "Automobile Sales Finance Act"[1] (added Stats. 1961, ch. 1626, effective Jan. 1, 1962), which contains sections 2981-2984.3 of the Civil Code. Since we hold that the Act is not applicable to the contracts involved herein, we shall merely note the alleged violations.

Defendant contends that plaintiff[2] is precluded from recovering under the January 13, 1962 contract because it did not contain the "Notice to the buyer" provisions as required by Civil Code section 2982, subdivision (a), subsection 10.

Defendant further contends that plaintiff failed to give him the five days' written notice of intent to sell the repossessed tractors as provided by Civil Code section 2983.2 and

---

[1]Also known as the Rees-Levering Act; we hereafter refer to it as the "Act."

[2]Plaintiff qualifies as "a person engaged in the business of selling or leasing motor vehicles under conditional sale contracts." (Civ. Code § 2981, subd. (b).)

that by reason thereof plaintiff had no right to a deficiency judgment. (The notice actually given was otherwise sufficient.)

■ The application of the Act is limited to the sale of a motor vehicle ''which is bought for use primarily for personal or family purposes, and does *not* mean any *vehicle which is bought for use primarily for business or commercial purposes.*'' (Civ. Code, § 2981, subd. (j) ; italics added.)

The trial court made the following finding of fact: ''The vehicles which are the subject of these contracts were bought by H. S. Earls and Louise M. Earls for use primarily for business and commercial purposes.''

The evidence clearly shows that the tractors were bought for the purpose of hauling large freight trailers. Earls himself drove the tractor purchased on January 13, 1962 and employed either his brother or someone else to drive the other tractor.

Although Earls did not testify at the trial and his wife testified that she did not ''pay much attention to his trucking business,'' their credit application to plaintiff represented that Earls and one ''L. M. Taylor'' (former name of wife) operated the business as a partnership under the name of ''E & E Trucking.''

Defendant argues that the basic purpose of the Act is to protect ''an unsophisticated individual buyer purchasing from a sophisticated seller'' and that ''the Legislature, in enacting the Rees-Levering Act, clearly did not intend that the unsophisticated buyer of a truck should be excluded from the protection of the Statute.''

Be this as it may, the exclusionary clause in the statute makes no distinction based upon the *magnitude* of the ''business or commercial'' purpose and we cannot read into it a legislative intent to make any such distinction. The Legislature obviously has focused upon the *purpose* for which the vehicle is bought, not upon the qualifications or business acumen of the buyer.

The greatly expanded 1961 statute was the result of an intensive study of the entire field of motor vehicle sales and financing. (E.g., see Report of Interim Committee on Finance and Insurance, 1959-1961, p. 7, vol. 15, No. 24, printed in Vol. 1 of Appendix to Journal of the Assembly, Reg. Sess. 1961; 10 U.C.L.A. L. Rev. 125 ; 36 State Bar J. 689.)

It is completely clear that the Legislature intended to exclude *all* sales of vehicles to be used primarily for business or

commercial purposes, in striking contrast to the pre-1961 law, which did not provide for *any* exclusion.[3]

It should also be noted that, in amending subdivision (j) of section 2981, the Legislature went *beyond* the inclusionary phrase, to wit, that the vehicle must be one that is "bought for use primarily for personal or family purposes," and added the exclusionary words that this "does *not* mean any vehicle which is bought for use primarily for business or commercial purposes." (Italics added.) It is difficult to see how the wording could have been made any clearer.

■ Defendant's final contention is that the judgment against him should not have included charges for flooring interest, reconditioning of tractors before resale, and sales commissions.

Under the "guarantee" signed by defendant, he agreed to pay all deferred payments called for under the sale contracts and to waive his right to the benefit of the security (tractors) *until* all indebtedness of the vendees, howsoever arising, was paid.

Under the sale contracts, the vendees agreed that upon repossession and resale of the tractors the plaintiff was entitled to deduct from the proceeds of sale "all collection costs, expenses of retaking, reconditioning, repairing and selling the vehicle. . . ."

There is no issue as to the correctness of the computation of the amounts deductible as against the vendees or that the total deficiency against them under the two sale contracts is the sum of $4,496.68. It follows that plaintiff is entitled to judgment against defendant in this same amount.

We do not discuss plaintiff's contention that the judgment should have awarded attorney's fees, since plaintiff has not appealed. (*Stott* v. *Johnston* (1951) 36 Cal.2d 864, 877 [299 P.2d 348, 28 A.L.R.2d 580]; 4 Cal.Jur.2d, Appeal and Error § 552, p. 413.) Moreover, the trial record indicates that plaintiff made no claim for attorneys' fees, its counsel stating to the court that "I don't think there is any provision in the contract for attorney fees as against the guarantor; only as against the buyer."

Judgment affirmed.

Taylor, J., and Bray, J.,* concurred.

---

[3]It then read as follows: " 'Motor vehicle' shall mean any vehicle required to be registered under the Vehicle Code." (Stats. 1959, ch. 1466, p. 3763.)

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.