Filed 12/13/13  Polo's Mobile Catering Truck MFG. v. Mendoza CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| POLO'S MOBILE CATERING TRUCK MFG., INC.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MIGUEL CISNEROS MENDOZA et al.,<br><br>    Defendants and Appellants. | B245564<br><br>(Los Angeles County<br>Super. Ct. No. EC 056429) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Donna F. Goldstein, Judge.  Affirmed with modifications.

Law Offices of Dennis J. Sanchez and Dennis J. Sanchez for Defendants and Appellants.

Guy R. Lochhead for Plaintiff and Respondent.

* * * * * *

Plaintiff Polo's Mobile Catering Truck Mfg., Inc. (Polo's), prevailed against Miguel Mendoza Cisneros and Dina Margot Castaneda (collectively, defendants) in a breach of contract action after a one-day court trial. The court entered judgment for Polo's and defendants appealed. With one modification to the judgment, we affirm.

## FACTS AND PROCEDURE

Polo's complaint alleged Polo's and defendants entered into an installment contract whereby Polo's agreed to convert a commercial truck into a commercial mobile catering vehicle for defendants. The amount financed was $56,825. Defendants allegedly defaulted on the contract and owed $48,474.67 when Polo's commenced the action. The complaint further alleged the parties had entered into a contract for repairs to the mobile catering vehicle, and defendants had also defaulted on that contract. They allegedly owed $10,925 under the contract for repairs. Defendants filed a cross-complaint for breach of contract, fraud, and unfair business practices.

At trial, one of Polo's owners, Magdalena Hernandez, testified. At some point, Polo's received notice the catering vehicle was impounded in the City of Vernon because an unlicensed driver was operating it. Polo's paid the tow yard to take possession of the vehicle as the lien holder. After taking possession, Polo's sent a "Notice of Intention to Dispose of Motor Vehicle" (notice of intent to dispose) to defendants. Defendants were already in default on their payments and did not make any more payments after receiving the notice of intent to dispose. Polo's sold the vehicle to another customer for $60,000. It was still seeking approximately $4,300 from defendants for the balance due on their installment and repair contracts, after the net resale price had been deducted.

The court found for Polo's on the complaint and cross-complaint and concluded defendants owed Polo's $4,344.67. Polo's prepared a proposed judgment stating the defendants owed Polo's $29,543.50 in principal and $4,508.41 in interest. The court entered the judgment without modification. Defendants timely appealed.

## DISCUSSION

Defendants raise two issues on appeal. First, they contend we must reverse because the notice of intent to dispose did not conform to the requirements of Civil Code

2

section 2983.2.**1** Defendants forfeited this contention because they did not raise the issue below. (*Hepner v. Franchise Tax Bd.* (1997) 52 Cal.App.4th 1475, 1486 ["Points not raised in the trial court will not be considered on appeal."].) Even if they had preserved the issue, the contention lacks merit. Section 2983.2 is part of the Automobile Sales Finance Act (the Act). (*San Jose Autocar White Co. v. Williamson* (1967) 249 Cal.App.2d 619, 620.) This particular section sets forth the requirements for a "notice of intent to dispose of a repossessed or surrendered motor vehicle" under the Act. (§ 2983.2, subd. (a).) But the "application of the Act is limited to the sale of a motor vehicle 'which is bought for use primarily for personal or family purposes, and does *not* mean any *vehicle which is bought for use primarily for business or commercial purposes*.'" (*San Jose Autocar White Co. v. Williamson, supra*, at p. 621, quoting § 2981, former subd. (j), current subd. (k).) "It is completely clear that the Legislature intended to exclude *all* sales of vehicles to be used primarily for business or commercial purposes . . . ." (*San Jose Autocar White Co. v. Williamson*, at pp. 621-622.) Here, evidence showed Polo's converted the vehicle into a commercial mobile catering vehicle, and defendant Castaneda worked out of it. Because the vehicle was used primarily for business or commercial purposes, the requirements of the Act did not apply.

Second, defendants contend the judgment was incorrect in that the court ruled they owed only $4,344.67, not the much greater sum stated in the judgment ($29,543.50 in principal and $4,508.41 in interest). Polo's, the party who prepared the proposed judgment, concedes the judgment incorrectly states the amount due as a result of clerical error, and it agrees the judgment should state defendants owe $4,344.67. The court was quite clear in the reporter's transcript of proceedings that Polo's should recover only $4,344.67 from defendants, and the evidence supported that amount. No evidence supported a judgment for Polo's for $29,543.50 in principal and $4,508.41 in interest. We think it plain the judgment was entered in the higher amount because of clerical error.

---

**1** Further undesignated statutory references are to the Civil Code.

The judgment shall be modified to show the undisputed amount owing.  (*Campbell v. Southern Pacific Co.* (1978) 22 Cal.3d 51, 63 [modifying and reducing judgment to account for undisputed clerical error in computing it]; *Dewees v. Kuntz* (1933) 130 Cal.App. 620, 624 [modifying judgment from $1,750 to $1,570 when it did not correspond to court's findings because of transposition of figures].)

## DISPOSITION

The judgment for damages is reduced from $29,543.50 in principal and $4,508.41 in interest to the principal sum of $4,344.67 plus prejudgment interest pursuant to section 3289, which interest is to be determined in the trial court on remand.  So modified, the judgment is affirmed.  Polo's shall recover costs on appeal.


FLIER, J.

WE CONCUR:



BIGELOW, P. J.



RUBIN, J.

4